**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN ALLEN MUMMERT | |
| Appellant | No. 1635 MDA 2014 |

Appeal from the Judgment of Sentence entered on August 28, 2014
In the Court of Common Pleas of Adams County
Criminal Division at Nos.:     CP-01-CR-0000291-2014
CP-01-CR-0000528-2013
CP-01-CR-0000882-2013

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                          **FILED OCTOBER 14, 2015**

Steven Mummert appeals his August 28, 2014 judgments of sentence, which were entered at the three docket numbers noted above (hereinafter 291 of 2014, 528 of 2013, and 882 of 2013, respectively).  The sentences consisted of one new sentence imposed upon a negotiated guilty plea and two revocation sentences of the intermediate punishment sentences imposed at 528 and 882 of 2013, which arose from violations caused by the new crime charged at 291 of 2014.  In lieu of an advocate's brief, counsel for Mummert has filed an ***Anders***/***Santiago*** brief[1] averring that Mummert has

---

[1]     ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  In ***Santiago***, our Supreme Court developed certain rules to ensure compliance with the principles underlying
*(Footnote Continued Next Page)*

no non-frivolous issues to pursue on appeal.  As well, counsel has filed a petition to withdraw as counsel.  After careful review, we grant counsel's petition to withdraw and affirm Mummert's judgments of sentence.

The facts underlying the issue presented are immaterial to our disposition of the instant appeal.  Accordingly, we relate only the case's procedural history, which the trial court fully related in its first Rule 1925(a) opinion:

> This appeal raises, in a consolidated fashion, challenges to two separate Orders.[1]  On appeal, [Mummert] raises a boilerplate claim that the sentencing court manifestly abused its discretion in sentencing [Mummert].  To aid in disposition of the appeal, the procedural history of each case will be separately discussed.

---

> [1]  [Mummert], in his Notice of Appeal, challenged three separate orders including the sentencing order in [291 of 2014] in addition to those captioned hereinabove[, *i.e.*, 528 and 882 of 2013].  In his Concise Statement of [Errors] Complained of on Appeal, [Mummert] challenges only the sentencing orders in [528 and 882 of 2013].  Accordingly, any claims raised in [291 of 2014] are waived.  ***Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.***, 804 A.2d 31 (Pa. Super. 2002).[2]

*(Footnote Continued)* ————————————

the ***Anders*** decision.  Thus, it is common practice in this Court to refer to briefs filed thereunder as "***Anders***/***Santiago*** briefs."

[2]  In 291 of 2014, Mummert entered a negotiated guilty plea to forgery as a felony of the third degree.  As per the terms of the plea agreement, the trial court sentenced him to 36 months of probation consecutive to any other sentence for which he was under supervision.  Consistently with the trial court's account, before this Court ***Anders*** counsel identifies a challenge only
*(Footnote Continued Next Page)*

In [528 of 2013, Mummert] originally pled guilty on September 16, 2013, to receiving stolen property as a misdemeanor of the first degree.[2] Pursuant to a negotiated agreement, [Mummert] was sentenced to 24 months in the county intermediate punishment program. While under supervision, [Mummert] was convicted of forgery as a felony of the third degree.[3] As a result of his conviction on the new charge, [Mummert] was revoked from his sentence of intermediate punishment and resentenced on August 28, 2014, to serve a sentence of no less than one year nor more than five years [incarceration] to run concurrently with the sentenced imposed in [882 of 2013], however, consecutive to any other sentence [Mummert] was serving. [Mummert] filed a Post-Sentence Motion for Reconsideration on September 8, 2014, claiming that the imposition of the sentence consecutive to a sentence of probation on the new felony conviction resulted in an excessive sentence totaling eight years of supervision. The motion was denied by the sentencing court [on September 9, 2014] without a hearing.

---

[2] 18 Pa.C.S. § 3925.

[3] 18 Pa.C.S. § 4101(a)(3).

In [882 of 2013], [Mummert] was originally convicted of terroristic threats as a misdemeanor of the first degree[4] on November 18, 2013, following a plea of guilty which was entered pursuant to a negotiated plea agreement. Pursuant to that agreement, [Mummert] was sentenced to 24 months of county intermediate punishment. Following his conviction on the new forgery charge, which occurred while on supervision, [Mummert] was also revoked in this matter. On August 28, 2014, [Mummert] was resentenced [to incarceration] in a state correctional institution of no less than one year nor more than five years to run concurrent with the sentence imposed in [528 of 2013], however, consecutive to any other sentence [Mummert] was serving. Once again, [a] timely Post-Sentence

*(Footnote Continued)* —————————

to the aggregate effect of the sentences entered at 528 and 882 of 2013. **See** Trial Court Opinion, 12/23/2014, at 1.

Motion for Reconsideration was filed which was denied by [the sentencing court] without [a] hearing.

_____

⁴  18 Pa.C.S. § 2706(a)(1)

Trial Court Opinion ("T.C.O."), 8/31/2015, at 1-2 (citations modified).

Mummert filed a unitary notice of appeal at the three above-captioned docket numbers on September 26, 2014. On October 6, 2014, the trial court entered an order directing Mummert to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the date of that order. When no concise statement was filed within the prescribed time period, or at all, the trial court, on December 23, 2014, issued an opinion pursuant to Pa.R.A.P. 1925(a). Therein, the trial court, correctly noting that the failure to file a concise statement when directed to do so typically results in waiver pursuant to Rule 1925(b)(4)(vii), expressed uncertainty as to what issues Mummert might intend to raise, and opined that this appeal should be quashed or dismissed due to waiver issues. **See** T.C.O., 12/23/2014, at 2-3 (citing **Everett Cash Mut. Ins, Co. v. T.H.E. Ins. Co.**, 804 A.2d 31 (Pa. Super. 2002)).

These events prompted this Court to remand Mummert's appeal, rather than deem it waived, for the proper filing of a Rule 1925(b) concise statement *nunc pro tunc* and the trial court's preparation of an opinion on the merits of the issues raised by Mummert, as required by Rule 1925(a). **See Commonwealth v. Mummert**, 1635 MDA 2014 (Pa. Super. June 22,

- 4 -

2015) (unpublished memorandum) (outlining detailed reasoning in support of remand).[3]

The trial court complied with our order, ordering Mummert to file a concise statement *nunc pro tunc*. Mummert timely complied. Notably, in his concise statement, Mummert challenged only his one to five-year sentences in each of his revocation cases, docketed at 528 and 882 of 2013, upon the basis that imposing them consecutively to his probation sentence at 291 of 2014 rendered his aggregate sentence manifestly excessive. Thus, as noted in the trial court's August opinion, Mummert waived any intended challenge to his sentence at 291 of 2014 for purposes of appeal. Furthermore, in his *nunc pro tunc* concise statement, Mummert's asserted error was entirely consistent with the issue raised and discussed in the **Anders**/**Santiago** brief that had already been filed in this Court.

In response to Mummert's timely *nunc pro tunc* concise statement, the trial court issued its opinion on the merits on December 23, 2014, from which the above procedural history has been drawn. Therein, the trial court squarely addressed the issue presented, observing that trial court enjoys broad discretion to impose sentences concurrently or consecutively,

---

[3]    Our remand was consistent with Pa.R.A.P. 1925(c)(3), which provides that, "[i]f an appellant in a criminal case was ordered to file a Statement and failed to do so, such that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."

explaining that bald statements of excessiveness arising from consecutivity do not present a substantial question under Pa.R.A.P. 2119(f), and concluding that Mummert's challenge did not warrant relief. *See* T.C.O., 12/23/2014, at 3-4.

Our earlier memorandum remanding the case did not direct that the parties file additional briefs following the completion below of all Rule 1925 procedures. The *nunc pro tunc* concise statement, the trial court's opinion in response thereto, and the briefs filed by Mummert and by the Commonwealth all fully address the lone issue identified by counsel as pertinent in this appeal. Consequently, only delay would result were we to direct further briefing. The procedural irregularities having been cured, this case now is ripe for our review.

In his *Anders*/*Santiago* brief, counsel for Mummert raises the following question:

> Did the sentencing court manifestly abuse its discretion when it sentenced [Mummert] to serve a sentence of no less than 1 year nor more than 5 years in a State Correctional Institution on [528 and 882 of 2013], to run concurrently with one another, but consecutive to any other sentence?

Brief for Mummert at 5.

Because counsel for Mummert proceeds pursuant to *Anders* and *Santiago*, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the sentencing issue counsel presents. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

*banc*).   Prior to withdrawing as counsel under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.   Pursuant thereto, the brief must provide the following information:

> (1)   a summary of the procedural history and facts, with citations to the record;
>
> (2)   reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3)   counsel's conclusion that the appeal is frivolous; and
>
> (4)   counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010).  Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter that he transmitted to his client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied **Santiago**'s requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. **See** Brief for Mummert at 6-7. Counsel also has articulated Mummert's stated issue and has analyzed the information presented to the sentencing court that is favorable to Mummert's appeal. Ultimately, counsel has concluded that Mummert has no non-frivolous bases upon which to challenge his sentence, nor any other non-frivolous issues to raise, because the essence of Mummert's argument for establishing that his revocation sentences at 528 and 882 of 2013 reflected an abuse of discretion would be the trial court's failure to consider mitigating factors, which does not, without more, establish grounds for relief from the discretionary aspects of his sentences. **See id.** at 10-13.

Counsel also sent Mummert a letter informing him that counsel identified no meritorious issues to pursue on appeal; that counsel filed an application to withdraw from Mummert's representation; and that Mummert could elect to find new counsel or to proceed *pro se*.[4] Counsel has attached the letter to his petition to withdraw, as required by **Millisock**. **See** Petition to Withdraw as Counsel, 7/28/2014 (letter dated 7/24/2014). Accordingly,

---

[4]    Mummert has not filed any documents with this Court through retained counsel or *pro se*.

counsel has complied with *Santiago*'s technical requirements. *See Millisock*, 873 A.2d at 751.

Before we grant counsel's petition to withdraw, however, we must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if Mummert has any non-frivolous issues that warrant advocacy by counsel. *Santiago*, 978 A.2d at 355 (quoting *Anders*, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw . . . ."). As noted, the lone such issue identified by counsel concerns the alleged excessiveness of Mummert's aggregate sentence, where the two challenged sentences at 528 and 882 of 2013, while imposed concurrently with each other, were imposed to be consecutive relative to the three-year sentence of probation that was imposed in 291 of 2014.

Sentencing is a matter that is within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. *Commonwealth v. Dykes*, 541 A.2d 1, 6 (Pa. Super. 1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White*, 491 A.2d 252 (1985).

We have held as follows:

> The imposition of sentence following the revocation of probation[5] is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill[ ]will.

*Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (citations and internal quotation marks omitted). "Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006).

Upon revocation of intermediate punishment, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S. § 9771. A court may impose a sentence of total confinement for a revocation under the following circumstances:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

---

5 The legal standards that apply to revocations of parole and probation apply equally to revocations of county intermediate punishment. *See, e.g., Commonwealth v. Cartrette*, 83 A.2d 1030 (Pa. Super. 2013).

> (3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

A claim that a sentence is excessive presents a challenge to the discretionary aspects of sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super 2008). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his or her brief.[6] Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying

---

[6]    In pertinent part, Rule 2119 provides the following:

> **(f)    Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis in ***Goggins***).

The Rule 2119(f) statement enables this Court to determine whether the appellant has raised a substantial question. ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004). Counsel has provided such a statement in this matter. Therein, counsel asserts that the imposition of the two appealed sentences consecutively to his three-year probationary sentence for forgery was "contrary to the fundamental norms which underlie the sentencing process." Brief for Mummert at 9 (quoting ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005)).

Accordingly, our independent review must begin with an examination of whether a substantial question may be raised in connection with the challenged sentences. As thoroughly documented by the Commonwealth, this Court generally has found that no substantial question lies when the challenge asserted is based upon blanket claims of excessiveness, or a trial court's exercise of discretion in determining whether and to what extent to impose a given sentence concurrently to or consecutively with another sentence. ***See*** Brief for the Commonwealth at 13-23; ***see Commonwealth***

- 12 -

*v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." (quoting *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008)). *But see Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (quoting *Commonwealth v. Lamonda*, 52 A.2d 365, 372 (Pa. Super. 2012) (*en banc*)) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in . . . the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Mummert's available arguments sound variously in propositions that that Pennsylvania courts generally have found do not present substantial question. First, while allegations of excessiveness due to consecutivity may present a substantial question, they do so only in cases where such a sentence "raises the aggregate sentence to[] what appears upon its face to be[] an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (quoting *Commonwealth v. Matromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)). Also of note, we have held as follows:

> [A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review. Moreover, where . . . the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information

regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa. Super. 2010) (citations and internal quotation marks omitted).

Mummert's sentence for a felony of the third degree at 291 of 2014 was three years' probation, despite the fact that it was at a third offense. His original sentences for two misdemeanors of the first degree (528 and 882 of 2013) were, at each charge, two years' of intermediate punishment. Following his plea at 291 of 2014, the trial court imposed concurrent revocation sentences of one to five years' incarceration, set to run consecutively to his probationary sentence at 291 of 2014. Thus, his aggregate sentence could amount to two years' incarceration followed by three years' parole followed by three years' probation, for a minimum aggregate sentence of eight years' supervision, with as few as two years served in a state correctional institution, and, in its harshest scenario, would involve five years' incarceration followed by three years' probation. The maximum sentence of confinement for one misdemeanor of the first degree is five years, and Mummert pleaded guilty to two such charges. *See* 18 Pa.C.S. § 1104(1). The maximum sentence for a felony of the third degree is seven years. *See* 18 Pa.C.S. § 1103(3). Thus, in the aggregate, the trial court could have sentenced Mummert to a maximum sentence of up to seventeen years' incarceration. Although at 528 and 882 of 2013, the trial court imposed maximum sentences that were the longest allowed by law,

the minimum sentences were considerably lower.  Furthermore, the sentences were imposed concurrently rather than consecutively.  And finally, those sentences were imposed only after Mummert failed to avoid re-offending while serving two sentences of intermediate punishment.

In light of the above principles, we find that **Anders** counsel correctly concluded that no substantial question could be established in this case. Due to Mummert's new offense, the trial court had a sound statutory basis for sentencing Mummert to total confinement.  As well, the aggregate sentence duly imposed in the instant matter after Mummert failed to serve two two-year sentences of intermediate punishment did not approach the maximum sentence available to the court.  Furthermore, there were no discernible irregularities in the revocation proceedings, and the court both had a presentence investigation report to consider as well as Mummert's own testimony in mitigation.  Finally, after thoroughly reviewing the record, we find no other non-frivolous issue Mummert might raise on appeal. Accordingly, Mummert is entitled to no relief.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2015