804 A.2d 31 (2002)
EVERETT CASH MUTUAL INSURANCE COMPANY, Appellant,
v.
T.H.E. INSURANCE COMPANY, David W. Martin, David Martin Enterprises, Inc., Gettyrod Land Partnership, L.P., Gettyrod Land, Inc., Frances S. Riley, Merle V. Riley, and Josephine E. Riley, Appellees.
Superior Court of Pennsylvania.
Submitted March 18, 2002.
Filed July 15, 2002.
*32 William A. Addams, Carlisle, for appellant.
Henry O. Heiser, Gettysburg, for Riley, appellees.
Timothy J. McMahon, Harrisburg, for Martin, appellee.
James D. Young, Harrisburg, for T.H.E. Insurance, appellee.
Bernard A. Yanetti, Jr., Gettysburg, for David Martin Enterprises, appellee.
Before MUSMANNO, LALLY-GREEN, and MONTEMURO,[*] JJ.
LALLY-GREEN, J.
¶ 1 Appellant, Everett Cash Mutual Insurance Company, appeals from the order entered on October 5, 2001, granting summary judgment to Appellee, T.H.E. Insurance Company (T.H.E.). We affirm.
¶ 2 The facts of the case are undisputed. Appellant issued a general liability policy to Gettyrod Land Partnership, L.P. (Gettyrod). Gettyrod owns a plot of pastureland on Three Springs Road in Adams *33 County. Gettyrod leased the pasture to David Martin Enterprises, Inc. (Martin Enterprises), a livestock and rodeo business. David W. Martin is the sole shareholder and president of Martin Enterprises. Martin Enterprises owned a zebra which was to be used in the rodeo business. The zebra grazed on the Three Springs Road pasture. T.H.E. issued a commercial general liability insurance policy to Mr. Martin and Martin Enterprises.
¶ 3 On May 16, 1999, the zebra broke through a fence on the pasture and attacked Mandy L. Riley, a young woman on the adjacent property. The zebra also injured Mandy's father, Frank Riley, as Frank was attempting to rescue Mandy.
¶ 4 The Rileys filed suit against Mr. Martin, Martin Enterprises, and Gettyrod. Mr. Martin and Martin Enterprises requested coverage from its insurer, T.H.E. T.H.E. denied coverage and denied a defense. On August 10, 2000, Appellant filed a declaratory judgment action, seeking a declaration that T.H.E. has the primary duty to defend and indemnify Martin and Martin Enterprises.
¶ 5 On May 23, 2001, Appellant filed a motion for summary judgment. On June 29, 2001, T.H.E. filed a cross-motion for summary judgment. On October 5, 2001, the court granted T.H.E.'s motion and denied Appellant's motion. Judgment was entered against Appellant on October 23, 2001. On October 31, 2001, the trial court ordered Appellant to file and serve a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P.1925 within fourteen days.
¶ 6 In our original memorandum, this panel ruled that Appellant's issues were waived on appeal because Appellant did not file a Concise Statement. See, Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998); McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 658 n. 2 (Pa.Super.2000).[1] Appellant filed an application for panel reconsideration, contending that it had filed a Concise Statement. Appellant attached the following documents to its application for reconsideration: (1) an unsigned copy of a letter to the trial court dated November 1, 2001, stating, "I am enclosing the Statement of matters complained of on appeal in accordance with the Order of October 31, 2001"; (2) an unsigned copy of the Concise Statement; and (3) a Certificate of Service dated November 1, 2001, indicating that an employee of Appellant's law firm served a copy of the Concise Statement on the trial court and other parties to the case.[2] It remains undisputed that these documents were not made part of the certified record on appeal, and were never listed on the trial docket. Moreover, the certified record does not otherwise indicate that the trial court received Appellant's Concise Statement.
Rule 1925(b) reads as follows:
(b) Direction to file statement of matters complained of.
The lower court forthwith may enter an order directing the Appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a *34 waiver of all objections to the order, ruling or other matter complained of.
Pa.R.A.P.1925(b) (emphasis added). The filing requirement is distinct from the service requirement in that the filing requirement ensures that the Concise Statement becomes part of the certified record. See, Pa.R.A.P.1921 ("the original papers filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases").
¶ 7 Again, we conclude that Appellant's issues are waived for failing to file a Concise Statement and for failing to ensure that the Concise Statement was made part of the certified record. "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." Hrinkevich v. Hrinkevich, 450 Pa.Super. 405, 676 A.2d 237, 240 (1996) (citation omitted). "Under our Rules of Appellate Procedure, those documents which are not part of the `official record' forwarded to this Court are considered to be non-existent." D'Ardenne v. Strawbridge & Clothier, Inc., 712 A.2d 318, 326 (Pa.Super.1998) (citation omitted), appeal denied, 557 Pa. 647, 734 A.2d 394 (1998). "[T]hese deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." Id. Similarly, these deficiencies cannot be cured by indicating that the relevant document was simply mailed to the office of the trial judge but not filed of record. Compare, Commonwealth v. Alsop, 799 A.2d 129, 2002 PA Super 146 (en banc) (declining to find all issues waived under Lord where Concise Statement was sent to trial court and inexplicably filed late, and where it was clear from the record that the trial court reviewed the Concise Statement before issuing its Rule 1925 opinion).
¶ 8 When we originally decided this case, we made a special effort to determine whether Appellant had filed a Concise Statement. Specifically, our Central Legal Staff contacted the office of the Adams County Prothonotary, which indicated that no Concise Statement was ever filed. Based on the record before us at the time, we committed no legal error by determining that Appellant's issues were waived. Appellant's petition for reconsideration indicates, at best, that the Concise Statement was served on the trial judge but never filed as part of the official record. Thus, we again hold that Appellant's issues are waived.
¶ 9 Order affirmed.
NOTES
[*] Retired Justice assigned to the Superior Court of Pennsylvania.
[1] Appellant raised one issue on appeal:

Whether the trial court correctly determined that T.H.E. Insurance Company's policy does not cover its insureds for their liability.
Appellant's Brief at 4.
[2] We will assume the authenticity of these documents.