J-S38005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN ALLEN MUMMERT | |
| Appellant | No. 1635 MDA 2014 |

Appeal from the Judgment of Sentence entered on August 28, 2014
In the Court of Common Pleas of Adams County
Criminal Division at Nos.:    CP-01-CR-0000291-2014
CP-01-CR-0000528-2013
CP-01-CR-0000882-2013

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:        **FILED JUNE 22, 2015**

Steven Mummert appeals his August 28, 2014 judgment of sentence, which was entered at the three docket numbers noted above, and consisted of one new sentence and two sentences that arose from the probation violations that occurred as a result of the new crime. After careful review, we remand to the trial court pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(3) for the due completion of the procedure prescribed by Rule 1925.

It is sufficient to recount the following procedure, without reference to the underlying factual basis that resulted in conviction, because the procedural history of this case compels our disposition. On August 28, 2014, the trial court entered a judgment of sentence as follows: At 291-2014,

which involved a negotiated guilty plea to forgery, the trial court imposed a sentence of thirty-six months' probation, to run consecutively to any other sentences for which Mummert was under supervision. Mummert's guilty plea at 291-2014 resulted in the revocation of probationary sentences imposed at two prior dockets and resentencing upon those convictions. At 528-2013, the trial court revoked Mummert's prior sentence and resentenced him to one to five years' incarceration. At 882-2013, the trial court revoked Mummert's prior sentence and resentenced him to serve one to five years' incarceration, said sentence to run concurrently with the sentence imposed at 528-2013.

On September 26, 2014, Mummert filed a timely notice of appeal. Thereafter, the trial court directed Mummert to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mummert never complied, and, on December 23, 2014, the trial court issued an opinion pursuant to Rule 1925(a). Therein, the trial court noted Mummert's failure to provide a concise statement and indicated that the court was unable to discern what issues Mummert might intend to raise on appeal. Consequently, the trial court opined that the instant appeal should be quashed. **See** Trial Court Opinion, 12/23/2014, at 3 (citing **Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.**, 804 A.2d 31 (Pa. Super. 2002)).

On February 26, 2015, counsel for Mummert filed in this Court a "Motion for Leave to File Concise Statement of Matters Complained of on Appeal *Nunc Pro Tunc*." Therein, counsel averred as follows:

1.      [Mummert] was directed to file a Concise Statement of Matters Complained of on Appeal by the Court of Common Pleas, pursuant to Pa.R.A.P. 1925(b) but did not. . . .

2.      Undersigned counsel is responsible for this error.  This case was appealed to this Court in his absence (but on his behalf) by the Public Defender's Office[,] and the file was consequently lost in the administrative shuffle.  It was not discovered until another appellant['s] brief was timely filed yesterday, February 24th, 2015.

3.      It is therefore respectfully requested that this Honorable Court grant leave for [Mummert] to file a Concise Statement to the lower court so that it has [the] opportunity to comment on the sole issue:  direction in revocation sentencing.

When counsel fails to file a Rule 1925(b) concise statement after the trial court directs counsel to do so, counsel is constitutionally ineffective *per se*.  **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa. Super. 2008). For this reason, effective July 25, 2007, our Supreme Court amended Rule 1925 to establish a clear procedure for this Court to follow when counsel fails to file a concise statement on behalf of a criminal defendant.  Rule 1925(c)(3) details the procedure to follow in that circumstance.

**Rule 1925.  Opinion in Support of Order**

＊ ＊ ＊ ＊

**(c)    Remand.**

＊ ＊ ＊ ＊

(3)    If an appellant in a criminal case was ordered to file a [concise statement of the errors complained of on appeal] and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). "The complete failure to file the [Rule 1925(b)] concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal."

**Commonwealth v. Thompson**, 39 A.3d 335, 339 (Pa. Super. 2012).

As noted, the trial court ordered Mummert to file a Rule 1925(b) statement and, by his own admission, counsel for Mummert simply failed to do so. Thus, counsel was *per se* ineffective for failing to file a Rule 1925(b) statement. Furthermore, for that reason, the trial court explicitly declined to discuss the merits of any appellate issues that Mummert may have sought to raise in this matter. Accordingly, pursuant to Rule 1925(c)(3), we grant counsel's motion and remand this case to the trial court for due completion of the procedures dictated by Rule 1925.

Motion for Leave to File Concise Statement of Matters Complained of on Appeal *Nunc Pro Tunc* granted. Case remanded. Jurisdiction retained.