J. S25011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID J. COLES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 798 WDA 2015 |
| | : | |
| CENTURION SENIOR SERVICES, LLC | : | |

Appeal from the Order, May 13, 2015,
in the Court of Common Pleas of Allegheny County
Civil Division at No. GD-15-000404

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MARCH 30, 2016**

David J. Coles ("Coles") appeals, ***pro se***, from the order of May 13, 2015, sustaining defendant/appellee, Centurion Senior Services, LLC's ("Centurion") preliminary objections in the nature of a demurrer and dismissing Coles' complaint with prejudice.  We affirm.

The Honorable Timothy Patrick O'Reilly has summarized the history of this case as follows:

> This matter came before me in Motions Court on May 11, 2015.  Plaintiff [Coles] sued Defendant [Centurion] asserting that it had contracted with him to sell certain health insurance products.  That contract was characterized as a Producer Agreement and contemplated sells [sic] by Coles during a Medicare Enrollment Period which ran from October 15 to December 7 of each year.
>
> The aforementioned contract was entered [into] by the parties in July 2014 and is attached to

the Complaint as Exhibit A. Attached also is Exhibit C, which is the termination letter to Coles dated October 14, 2014.

The Producer Agreement also provides at Section F that either party "Shall have the right at anytime to terminate this Agreement, with or without cause, by written notice to the other party[."]

Notwithstanding this clear language and his attachment to his Complaint, Coles alleges he got no notice.

He also alleges that Centurion did not treat him with good faith and fair dealing.

In essence, Coles invokes a variety of equitable considerations especially that because of the timing of his termination, he will be unable to obtain another position in time for him to train in the Medicare products market, since it is only open from October 15 to December 7 of each year. At Argument[,] I sustained the Preliminary Objections of Centurion and dismissed Coles' complaint. He has appealed.

Trial court opinion, 7/30/15 at 1-2.

Coles filed a timely notice of appeal on May 18, 2015. On June 11, 2015, the trial court ordered Coles to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). (Docket #13.) The trial court's Rule 1925 order cautioned that, "Any issue not properly included in a timely filed and served statement shall be deemed waived. If no statement is timely filed and served, all issues are waived." (*Id.*) The official docket reflects that a copy of the trial court's Rule 1925 order was mailed to Coles on June 12, 2015. According to the trial court's

Rule 1925(a) opinion, Coles did forward a Rule 1925(b) statement to the court; however, it was never filed, nor was it served on counsel for Centurion, as required by the rule.

Rule 1925(b) provides, in pertinent part, as follows:

> **(1)** **Filing and service.--**Appellant shall file of record the Statement and concurrently shall serve the judge.  Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).  Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b)(1).

> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4)(vii).  ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa.Super. 2014) (***en banc***) ("Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant ***must*** comply in a timely manner."), quoting ***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803 (Pa.Super. 2007) (emphasis in ***Hess***) (citations omitted).  ***See also Everett Cash Mut. Ins. Co. v. T.H.E. Ins.***

**Co.**, 804 A.2d 31, 34 (Pa.Super. 2002) ("The filing requirement is distinct from the service requirement in that the filing requirement ensures that the Concise Statement becomes part of the certified record."), citing Pa.R.A.P. 1921.

Instantly, Coles failed to file the court-ordered Rule 1925(b) statement. As such, all issues are waived on appeal. Pa.R.A.P. 1925(b)(4)(vii). We acknowledge that Coles is acting **pro se**; however, his **pro se** status does not except him from strict adherence to the Rules of Appellate Procedure:

> It is well settled that an individual who chooses to proceed **pro se** is not entitled to any particular advantage because of his or her lack of legal training. **O'Neill v. Checker Motors Corp.**, 389 Pa.Super. 430, 434, 567 A.2d 680, 682 (1989). As our Supreme Court has explained, an individual choosing to represent him- or her-self must, to some reasonable extent, assume the risk that the lack of expertise and legal training will prove his or her undoing. **Vann v. Commonwealth, Unemployment Compensation Board of Review**, 508 Pa. 139, 149, 494 A.2d 1081, 1086 (1985). **Accord O'Neill v. Checker Motors Corp.**

**Slaughter v. Allied Heating**, 636 A.2d 1121, 1125 (Pa.Super. 1993), **appeal denied**, 652 A.2d 839 (Pa. 1994).

Order affirmed.[1]

---

[1] At any rate, we agree with the trial court that Coles would not be entitled to relief where he was an independent contractor and the Agreement clearly

J. S25011/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016

---

provides that it may be terminated at any time, with or without cause, by written notice to the other party.