J-A05029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANA CHEA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ESTATE OF BLAIR BURNWELL MAY, DECEASED AND S. BELVELLE MAY, ADMINISTRATRIX AND CAROLINE M. HARRIS, ADMINISTRATRIX | |
| Appellee | No. 1310 EDA 2015 |

Appeal from the Order Entered April 1, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-07636-TT

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED MAY 03, 2016**

Diana Chea appeals the order entered April 1, 2015, in the Chester County Court of Common Pleas granting judgment on the pleadings in favor of the defendants, the Estate of Blair Burnwell May (the "Estate") and S. Belvelle May and Caroline M. Harris, administratrices of the Estate (collectively "administratrices").  On appeal, Chea contends the trial court erred in finding her claim was either waived, due to her failure to file a concise statement of errors complained of on appeal, or barred by the statute of limitations or principles of *res judicata*.  For the reasons that follow, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts alleged in Chea's complaint are as follows.

6.     On or about March 4, 2011 [Chea] was working as a home health aide at [May's] home while [May] remained alive.

7.     As part of [Chea's] usual course of duties, [she] was carrying clothes in hand en route to a washing machine located in the downstairs portion of the [May's] home.  While carrying clothes, [Chea's] pants got stuck on a defectively maintained electric chair, affixed to the real property, and as a result, was caused to trip, slip and fall down a set of interior stairs due to the chair being negligently positioned at the top of the ground floor level, negligently maintained and due to the chair's defective state.

Complaint, 8/7/2014, at ¶¶ 6-7.  Chea further claimed that, as a result of the fall, she suffered injuries to her ankle, foot, back, neck and shoulder. *See id.* at ¶ 11.

On June 20, 2011, Chea filed a negligence action against May in the Philadelphia County Court of Common Pleas.  The case was later transferred to the Montgomery County Court of Common Pleas,[1] and while that action was still pending, May died on October 2, 2013.  May's attorney filed a suggestion of death on October 8, 2013, followed by a motion for summary judgment, on November 8, 2013, asserting that the Dead Man's Act[2] "precludes [] Chea from testifying in this case[,]" and, "[a]s a result, [] Chea does not have sufficient evidence to prove fault by Blair T. May."  Motion of

---

[1] May's home, where the accident occurred, was in Montgomery County, Pennsylvania.

[2] *See* 42 Pa.C.S. § 5930.

- 2 -

Defendant, Blair T. May, for Summary Judgment, 11/8/2013, at ¶10, 12.
The trial court granted the motion for summary judgment on May 14, 2014.
Chea did not appeal the trial court's order.

Thereafter, on August 7, 2014, Chea filed the present action in the
Chester County Court of Common Pleas, based upon the same incident as
the prior complaint, but naming May's Estate and its administratrices as
defendants.[3]  Following the filing of an answer with new matter, and a reply,
the Estate and adminstratices filed a motion for judgment on the pleadings,
asserting Chea's claims were barred by either the statute of limitations or
principles of *res judicata*.  The trial court granted the motion on April 1,
2015, and dismissed Chea's negligence action.  This timely appeal followed.

Thereafter, on May 12, 2015, the trial court ordered Chea to file a
concise statement of errors complained on of appeal pursuant to Pa.R.A.P.
1925(b).  The order explicitly stated:

> The Statement must be filed of record.  The Statement must be
> served upon the undersigned pursuant to Pa.R.A.P. No.
> 1925(b)(1).  The Statement must be filed an served no later
> than twenty-one (21) days from the date of the entry on the
> docket of this Order.  Any issue not properly included in the
> Statement timely filed and served pursuant to Pa.R.A.P. No.
> 1925(b) shall be deemed waived.

Order, 5/12/2015.

---

[3] The Estate is administered in Chester County, Pennsylvania.

On June 23, 2015, the trial court filed an opinion stating that, while Chea served a copy of her concise statement on the court's chambers, "it does not appear that said Statement of Errors was ever filed of record." Trial Court Opinion, 6/23/2015, at 1. For that reason, the court requested that this Court quash Chea's appeal. The court further opined that Chea's substantive claims were barred by both the statute of limitations and principles of *res judicata*.

Before we may address Chea's substantive issues, we must first determine whether she has preserved her claims for our review. It is well-settled that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa. Super. 2011) (quotation omitted and emphasis in original). The failure to comply with the court's order results in the waiver of all issues on appeal. ***See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (appellant's failure to file a timely concise statement waived all claims on appeal, despite the fact that trial court accepted the untimely statement and addressed claims in opinion).

Our review of the record in the present case reveals that, while Chea purportedly delivered a copy of her concise statement to the trial judge's chambers, she never **filed** her concise statement in the trial court. It is

- 4 -

well-settled that "[t]he filing requirement is distinct from the service requirement in that the filing requirement ensures that the Concise Statement becomes part of the certified record." ***Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.***, 804 A.2d 31, 34 (Pa. Super. 2002). Moreover, this Court had held that "[h]anding a copy of a motion to a judge in the courtroom or elsewhere, does not constitute a filing." ***Bryant v. Glazier Supermarkets, Inc.***, 823 A.2d 154, 156 (2003), *appeal denied*, 843 A.2d 1236 (Pa. 2004).

Here, Chea's concise statement is not docketed, and does not appear in the certified record.[4] Therefore, it does not exist for purposes of our review. ***See Everett Cash Mut. Ins. Co.***, ***supra***, 804 A.2d at 34 (explaining that under appellate rules, documents not included in the certified record are "non-existent").

Chea asserts, however, that she "brought to the attention of" this Court the three issues raised in her concise statement, when she filed her Civil Docketing Statement. Chea's Brief at 18. Furthermore, she argues:

> Therefore, neither the lower court nor this Superior Court were prejudiced or impaired in their ability to understand the reasons for the present appeal, and any failure to comply strictly

---

[4] We note Chea claims that "upon learning of this oversight, [her] attorney did file with this Superior Court a copy of that 1925(b) statement filed with the lower court." Chea's Brief at 18. However, our review of the certified record, as well as the Superior Court docket, reveals no such filing.

with the Rules of Appellate Procedure were *de minimus* and would not require the draconian sanction of dismissal.

*Id.*

However, this Court has held that the fact a trial court chooses to address claims in an untimely filed concise statement is irrelevant to our waiver analysis:

> Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner."

*Greater Erie Indus. Dev. Corp.*, *supra*, 88 A.3d at 225 (citations omitted). We find the same is true when, as here, an appellant fails to **file** the statement in the trial court. *See Bryant*, *supra*, (finding appellant's issues waived when appellant failed to file concise statement in court, regardless of the fact the court discussed several of the claims on appeal in its opinion). Indeed, the trial court's Rule 1925 order could not have been more explicit, and Chea provides no support for her assertion that her failure to file the concise statement in the trial court was *de minimus*.

Accordingly, because Chea failed to timely file in the trial court a copy of her concise statement, her substantive claims are waived for our review.[5]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016

---

[5] We note that, even if we were permitted to overlook Chea's failure to follow Rule 1925(b), we would conclude she is entitled to no relief. Chea's primary claim appears to be that the trial court in the first action wrongly applied the Dead Man's Act to preclude her testimony. **See** Chea's Brief at 11-13. However, Chea never appealed the grant of summary judgment in that action. Accordingly, we would affirm the judgment on the basis of the trial court's succinct opinion. **See** Trial Court Opinion, 6/23/2015, at 2-3 (concluding (1) Chea's second complaint was filed after the two-year statute of limitations expired, and rejecting Chea's claims that (a) the period was tolled from the initiation of the first action until the filing of the second action, or (b) the action was timely filed within one year of May's death; and (2) the second action was barred by *res judicata* because the defendants are in privity with the decedent, who was the defendant in the first action).