J-S54008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| LAVAUGN GREY | : | |
| Appellant | : | No. 1371 WDA 2017 |

Appeal from the Judgment of Sentence August 24, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012155-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 09, 2018**

The trial court found Lavaugn Grey had violated the conditions of his sentence of probation, and revoked the sentence. The court then re-sentenced Grey to a term of imprisonment of three to six years, which falls in the standard range of the sentencing guidelines. Grey does not contest the revocation of his probation. He claims only that the court abused its discretion in imposing sentence. We affirm.

As noted by the Commonwealth, the transcript from Grey's guilty plea is not in the certified record. It was Grey's responsibility to ensure this document was part of the certified record on appeal. ***See***, ***e.g.***, ***Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company***, 804 A.2d 31, 34 (Pa. Super. 2002). However, we conclude a review of this transcript is not necessary, as Grey does not challenge the trial court's recitation of the facts.

On January 27, 2016, Grey pled guilty to one count of criminal trespass, one count of terroristic threats, and one count of resisting arrest. The court sentenced him to two years' probation on the criminal trespass conviction, and no further penalty on the terroristic threats and resisting arrest convictions.

On September 21, 2016, Grey was arrested on charges of, among others, burglary and aggravated assault involving the same victim. The court held a probation revocation hearing nearly a year later to assess Grey's status.

The court opened the hearing by notifying Grey that a standard range sentence upon revocation would be a minimum sentence of 33 to 48 months. Grey, represented by counsel, did not contest this calculation at the hearing, and has not raised any challenge to it on appeal.

The hearing proceeded to the testimony of Grey's probation officer.

PROBATION OFFICER ALLEN: The defendant's conduct while under supervision can be characterized as marginal at best. He reported as directed. He was ordered to have no [violent contact with the victim,] which is the subject of this report.

He was … ordered to have no contact with [the victim.] However, he was arrested on September 21 for aggravated assault on an unborn child, endangering the welfare of children, burglary, [and] simple assault.

The defendant was accused of calling the victim all night. Then he showed up outside of her residence, punched the screen window in, then climbed through the window in the residence where he began attacking her. He jumped on top of her and began choking her, punching her multiple times in the head, face, stomach, and pulled her hair. The victim was seven weeks pregnant at the time.

The defendant was leaving the residence. He kicked the bouncy chair in which had his small son in it.

He was court ordered to complete a drug and alcohol evaluation. In September, 2016, he did complete it; however, he did not meet the criteria for the drug and alcohol treatment.

He was court ordered to complete the GED program. He reported until he was arrested for the attributable charges.

He was also instructed to complete the Batterer's Intervention Program. The Probation Office has not received any type of verification that he had completed that[.]

N.T., Revocation Hearing, 8/24/17, at 2-3.

Grey's counsel provided the court with a verification that Grey had completed the Batterer's Intervention Program. *See id*., at 4. She also noted that the charges arising from the allegation of kicking his son's chair had been dismissed. *See id*. She did not challenge any other aspect of the probation officer's recitation. Instead, she highlighted Gray's issues with alcohol, depression, possible brain injury, and his need for rehabilitation. *See id*., at 4-5.

The court summarized its findings:

Mr. Grey, you are a convicted violator for burglary involving the same victim as I had you on probation for. You broke in and you assaulted your pregnant baby's momma. You continued contacting her while you were in jail.

You are serving 11 ½ to 23 months [on the convictions for the September 2016, crimes.] You have been convicted of aggravated assault, simple assault, and have been active with the criminal justice system since 1994. You've been on and off supervision since 1994. And you have managed to violate all, if not – I'm sorry, most if not all of your periods of probation.

You had several prior incarcerations in the Allegheny County Jail. You also served a term of four to eight years for involuntary deviate sexual intercourse.

You have a lengthy history of avoiding treatment, although you did periodically attend Pyramid and Family Links. However, you seem to continue the same kind of actions.

…

Mr. [Grey], I find you really are not a candidate for county supervision. We've done everything we can to try to rehabilitate you since 1994. That's a long time to be working with you.

*Id*., at 6-8. Grey has never challenged the court's recitation of the circumstances involved.

What Grey does challenge, however, is the whether the court considered his rehabilitative needs and the fact that he has community support. Grey concedes this raises a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief, at 13.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." *Id*. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted). *See also* Pa.R.A.P. 2119(f). "Second, the appellant must show that there is a substantial question that the

sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted). Here, Grey has preserved his arguments through a post-sentence motion.

In his Rule 2119(f) statement, Grey contends the court abused its discretion by imposing an excessive sentence and failing to consider his "rehabilitative needs and that he had community support." Appellant's Brief, at 15-16. This raises a substantial question. ***See Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013).

We thus turn to the substance of Grey's argument.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the revocation court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" ***Id***., at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citations omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (internal citations and quotation marks omitted).

When imposing sentence, a court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

*Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted).

Sentencing guidelines are not applicable to a sentence imposed after a revocation of probation. *See Commonwealth v. Cappellini*, 690 A.2d 1220, 1224 (Pa. Super. 1997). Here, however, the court chose to follow them anyway. And, in doing so, the court imposed a standard range sentence which is presumptively reasonable. *See*, *e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006).

Grey has failed to meet his burden of establishing the sentence imposed was unreasonable. He conceded multiple technical violations of parole, as well as breaking into the victim's home and assaulting her while he was on probation from previously trespassing on her property. Also, Grey has an extensive criminal history. All of which weighs heavily in favor of protecting the public, to say nothing of his victim, from Grey.

Additionally, the court had the benefit of a presentence investigation report ("PSI"). Thus, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *See Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.") *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (finding that where the sentencing court has a PSI, "it is presumed that the

sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors").

The court acknowledged Grey's rehabilitative needs. *See* N.T., Revocation Hearing, 8/24/17, at 6-7. However, the court concluded, "[w]e've done everything we can to try to rehabilitate you since 1994. That's a long time to be working with you." *Id*., at 7-8. The court considered Grey's rehabilitative needs; it merely found they were outweighed by the need to protect the victim and the community from Grey's recidivism.

We can discern no abuse of the court's discretion in imposing sentence. We therefore affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/9/2018