J-S35030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL ANGELO FOSCHINI, JR. | : | |
| | : | |
| Appellant | : | No. 1640 MDA 2017 |

Appeal from the PCRA Order October 12, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003736-2015,
CP-40-CR-0003737-2015

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J. **FILED: NOVEMBER 9, 2018**

Michael Foschini, Jr., pled guilty to guilty to kidnapping and raping women in two separate incidents. The court ran the sentences consecutively, resulting in an aggregate term of imprisonment of 24 to 48 years. He subsequently filed a timely, first Post Conviction Relief Act ("PCRA") petition, asserting guilty plea counsel was ineffective by inducing his plea by guaranteeing a shorter sentence. The PCRA court found counsel made no such promise, and dismissed the petition. We affirm.

In his PCRA petition, filed less than one year after he was sentenced, Foschini alleged his plea of guilty was unlawfully induced by his attorney. He claimed that "despite the colloquy," he did not "understand or comprehend the plea agreement," as he did not know the plea did not encompass an agreement on the maximum sentence. He asserted his attorney guaranteed

that he would not receive consecutive sentences and that his maximum sentence would be no greater than 8 to 10 years.

The PCRA court held a hearing on Foschini's petition. Foschini testified his attorney told him "no judge in their right mind would give you more than 8 to 16 or 10 to 20 years." N.T., PCRA Hearing, 10/12/17, at 4. He did not want to accept the offer, but counsel informed him he would lose at trial, "so let's go with an open plea." *Id*. He viewed the attorney's statement as a guarantee of what his maximum sentence could be. *See id*., at 5.

He also testified he graduated from high school, but only has a "third grade educational level." *Id*., at 17. He relied heavily on his attorney's advice. *See id*., at 18. His attorney never brought a copy of the plea agreement to him to go over it in detail before the day of the guilty plea. *See id*.

In contrast, Foschini's attorney testified he met with Foschini "at least five times, probably more like seven or eight at the Luzerne County Prison to discuss the matter at length." *Id*., at 22. He discussed the statutory maximums with Foschini, and explained, "it's the [c]ourt's discretion as to whether the sentences will be run concurrently or consecutively." *Id*., at 23. He denied ever telling Foschini the court would not run the sentences consecutively. *See id*. "I would never presume what a judge is going to do or say or what kind of sentence he's going to impose. That's not my job." *Id*.

The court did not find Foschini's testimony credible, and dismissed the petition. This timely appeal followed.

Foschini argues the court erred in concluding plea counsel was not ineffective. We proceed by determining whether the PCRA court's factual findings are supported by the record. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. **See id**. If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. **See id**. We, however, "afford no such deference to its legal conclusions." **Id**., at 1194 (citations omitted).

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted).

Foschini argues the court erred in determining his claim did not have arguable merit. Foschini contends the ineffectiveness of plea counsel coerced him into a plea agreement that was not knowing, voluntary, and intelligent.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (quotation marks and citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (internal quotation marks and citations omitted).

In assessing the voluntariness of a guilty plea, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted, brackets in original). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict

the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

While the transcript of the oral plea colloquy and the written plea colloquy are not in the certified record,[1] the PCRA court found that Foschini

> had discussed and reviewed the plea agreement with counsel and had signed the written plea agreement, that he understood the possible range of sentences as well as the applicable statutory maximum penalties, that no one had forced him to plead guilty, and that no one had promised him anything to plead guilty. When asked if he had any questions for the Court, or if there was anything he did not understand about what he was pleading guilty to, [he] answered in the negative.

PCRA Court Opinion, 1/25/18, at 5-6 (citations omitted). The court also explicitly found Foschini's testimony not credible. ***See id***., at 6.

Foschini highlights his testimony that counsel guaranteed a shorter sentence, along with his claims of mental deficiencies to argue that the court erred. However, given the court's credibility determinations, our standard of review, and Foschini's failure to object to the court's findings regarding the plea colloquies, we cannot conclude the court abused its discretion or committed an error of law in dismissing Foschini's petition.

Order affirmed.

---

[1] It was Foschini's responsibility to ensure these documents were part of the certified record on appeal. ***See Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company***, 804 A.2d 31, 34 (Pa. Super. 2002) (quoting ***Hrinkevich v. Hrinkevich***, 676 A.2d 237, 240 (Pa. Super. 1996)). This issue is therefore arguably waived. However, as he has failed to challenge the PCRA court's findings based upon the colloquies, we conclude their absence does not hinder our review of this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018