**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORDELL HASSAN CARTER | : | |
| | : | |
| Appellant | : | No. 600 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002206-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: NOVEMBER 9, 2023**

Appellant, Cordell Hassan Carter, appeals from the judgments of sentence following guilty pleas to possessing a controlled substance with intent to deliver and flight to avoid apprehension entered before the Court of Common Pleas of Dauphin County.[1] Specifically, Appellant argues the sentencing court abused its discretion by not giving more weight to mitigating factors when it imposed an aggregate term of six to twelve years' incarceration. We affirm.

Appellant failed to appear for a preliminary hearing for charges arising from a high-speed chase resulting in a collision (which charges are listed under CP-22-CR-0000387-2021). A bench warrant, one of several, was issued for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(3) and 75 Pa.C.S. § 3733(a), respectively.

his arrest. The United States Marshall's Task Force located Appellant in Swatara Township, Dauphin County on April 29, 2021. When the members of the task force approached and identified themselves, Appellant ran across a parking lot to avoid arrest. Appellant was apprehended after discarding a black bag. The bag was subsequently recovered and found to contain $2,600 and possible drug paraphernalia. While in the back seat of a patrol car, Appellant was apprised of, and waived, his rights to remain silent and to counsel, and agreed to reveal where additional drug-related items could be found. Under the rear passenger seat of Appellant's car parked in the lot, officers found a digital scale with white residue on it and a plastic bag containing 58 grams of cocaine. On January 24, 2023, Appellant entered guilty pleas to possessing a controlled substance with intent to deliver, a felony, and flight to avoid apprehension, graded as a felony of the third-degree.[2]

_____

[2] The notes of testimony from Appellant's guilty pleas in the instant matter, conducted by a different court than the sentencing court, are not contained in the appellate record. As a result, the foregoing statement of facts has been pieced together from the sentencing court's opinion, the arrest warrant affidavit in this case, the trial court entries for the high-speed chase case, and statements made at the consolidated sentencing proceeding from which this appeal is taken. "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." ***Commonwealth v. Shreffler***, 249 A.3d 575, 584 (Pa. Super. 2021) (*quoting* ***Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company***, 804 A.2d 31, 34 (Pa. Super. 2002) (citation omitted)). Where the record is incomplete and thereby interferes with our ability to review the claim raised, waiver may apply. ***Shreffler***, 249 A.3d at 584. Here, Appellant asks
*(Footnote Continued Next Page)*

On March 1, 2023, Appellant was sentenced by the Honorable Edward M. Marisco, Jr. Two other dockets were consolidated for sentencing along with the instant matter: under Docket 387-2021 were six jury convictions in December 2022 arising from the high-speed chase on September 16, 2020; and under CP-22-CR-0002309-2020 were two convictions of possessing a controlled substance with intent to deliver crack cocaine, on November 27, 2019 and on January 16, 2020, to which Appellant had entered guilty pleas immediately prior to sentencing (the "controlled buy case"). Both of the sales of crack cocaine in the controlled buy case occurred before the high-speed chase in September 2020. The high-speed chase occurred before Appellant's arrest in possession of 58 grams of cocaine in the instant matter.

Appellant was represented by present counsel for sentencing on both drug-related cases, that is, the controlled buy case and the instant matter.

_____

us to evaluate the exercise of discretion by a sentencing court, which should be influenced by the facts upon which he pleaded guilty, and therefore, those facts should be included in the record. Pa.R.A.P. 1911; **Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011) ("The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record"). The record on appeal does not contain any request by Appellant for transcription of the guilty plea notes. In this instance, we are confident we understand the gist of the particular crimes to which Appellant pleaded guilty under Docket 2206-2021, and so will not find waiver of Appellant's claim. **See Commonwealth v. Houck**, 102 A.3d 443, 458-459 (Pa. Super. 2014) (relying on the trial court's statement of facts to review, rather than waive, a suppression claim where the notes from the suppression hearing were not requested).

Appellant had separate counsel for sentencing on the jury convictions arising from the high-speed chase. The court read the sentencing memoranda submitted, and heard the arguments on the sentencing guidelines, pre-sentence investigation report ("PSI"), application of the substantial amount of time credit, interpretation of Appellant's lengthy criminal record, and Appellant's allocution. N.T. 3/1/13, 5-23.

The sentencing court noted its familiarity with the facts of each case and Appellant's record, specifically that Appellant was released from custody only to reoffend before the pending cases could be resolved. It turned to the instant matter first because it was the last incident to occur. The court imposed consecutive terms of incarceration of: five to ten years for possessing a controlled substance with intent to deliver; and one to two years for fleeing to avoid apprehension. The court ordered Appellant to pay costs but no fine and applied the full 28 months and three days credit to the aggregate term of six to twelve years' imprisonment. Crediting the full time possible to the instant matter made Appellant eligible sooner for drug rehabilitation while incarcerated. N.T. 3/1/22, 23-26.

For the high-speed chase case, the court imposed the following terms of incarceration consecutive to each other, and to the aggregate sentence imposed on instant matter, of: two and one-half to five years on fleeing apprehension and one to two years on criminal trespass. It imposed terms concurrent to the two-and-one-half to five-year term of: nine to 18 months incarceration for tampering with evidence, and six months' probation for

driving under the influence. It also imposed costs and $800 in fines and ordered restitution of $1,750. No further penalty was imposed on the careless driving and reckless driving convictions. The aggregate term was three-and-one-half to seven years' imprisonment consecutive to the sentence imposed in the instant matter. For the controlled buy case, the court imposed concurrent terms of one-and-one-half to three years' incarceration on each of the convictions for possessing a controlled substance with intent to deliver and ordered 22 months and eight days' time credit. The aggregate term imposed on all three cases consolidated for sentencing was nine-and-one-half to 19 years' imprisonment, $800 in fines, and $1,750 restitution. N.T. 3/1/22, 26-29.

Appellant filed a post-sentence motion on March 13, 2023, seeking to withdraw his guilty pleas in the instant matter and, in the alternative, requesting the court to modify his sentence because it "abused its discretion and imposed an unduly harsh sentence, without considering the history and characteristics of [Appellant] and failed to state sufficient reasons on the record." Post-Sentence Motion ¶ 12. The court denied Appellant's motion by an Order entered on March 21, 2023. Appellant timely appealed.

Appellant raised the following claims of error for us to review:

The sentencing Court erred in imposing an aggregate sentence of six (6) to twelve (12) years of incarceration, and subsequently denying defendant's post-sentence motion, when this sentence is manifestly excessive as to constitute an abuse of discretion. The individual sentence at each count were excessive and unreasonable and constitute too severe a punishment considering

the rehabilitative needs of [Appellant] as well as the Court's overall sentencing scheme.

Appellant's Rule 1925(b) Statement. Notably, Appellant's claim in his post-sentence motion that the court did not provide adequate reasons for the sentence imposed was not preserved in the Rule 1925(b) Statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

In his Statement of Questions Presented, Appellant raises a single claim that:

> … the trial court abused its discretion when it imposed … a sentence of three and a half to seven years in state prison without considering the history and characteristics of [Appellant]; thus constituting a manifestly unreasonable sentence considering the rehabilitative needs of the [Appellant]

Appellant's Brief, 6.

Appellant's preserved claim is an assertion that the sentencing court abused its discretion when it allegedly failed to consider his history and characteristics and imposed terms, both individually and in the aggregate, that were "manifestly excessive," "manifestly unreasonable," or "unduly harsh" (as variously described in the documents), in light of his rehabilitative needs. As such, Appellant's claim is a challenge to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the

- 6 -

issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id.* An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022), *appeal denied*, 2023 WL 4755198 (Pa. July 26, 2023).

As discussed, Appellant satisfied the first two requirements. Thus, we turn to the Rule 2119(f) statement included in his brief to discern whether a substantial question has been raised.

We determine whether there is a substantial question on a case-by-case basis. *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Crawford*, 257 A.3d at 78-79 (*quoting Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018)) (brackets omitted). A substantial question is presented where:

… an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585–86 (Pa. Super. 2010) (*quoting Commonwealth v. Bullock*, 948 A.2d 818, 826 n. 6 (Pa. Super. 2008)) (citation omitted).

Within his Rule 2119(f) Statement, Appellant first asserts that the sentence "was so manifestly excessive as to constitute an abuse of discretion," and that it was "not consistent with the protection of the public, the gravity of the offenses, and [Appellant]'s rehabilitative needs." Appellant's Brief, 11. This assertion contains no reference to the terms imposed or any reference to the instant case other than naming Appellant. Nonetheless, we conclude Appellant raised a substantial question with respect to his preserved claim. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question").[3]

_____

[3] As presented, Appellant's three other assertions fail to present a substantial question: that application of guideline sentence terms was "clearly unreasonable" without any explanation for how that might be; that the "six (6) to twelve (12) years of incarceration was 'so disproportionate as to implicate the fundamental norms which underline the sentencing process'" without explication of said norms or whether the consecutive terms were excessive on their face in light of the criminal conduct; and that imposition of a sentence of total confinement after revocation of probation for a technical violation violates a fundamental norm where there was no term of probation revoked, much less for a technical violation. Appellant's Brief, 11-12. We note further that the Rule 2119(f) Statement was written so generally it could have referred to any case, and that only the claim that the "six (6) to twelve (12) year" term implicated fundamental norms appeared to directly address the

*(Footnote Continued Next Page)*

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A3d 822, 826 (Pa. Super. 2015) (quoting other cases).

Additionally, our review of the discretionary aspects of a sentence is confined by statutory mandate. *Id.* at 826-827. More specifically, here, we may only vacate and remand for resentencing if the sentencing court's application of guideline sentence terms was "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). "[I]t is clear that the General Assembly intended the concept of unreasonableness [for the purposes of Section 9781(c)] to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007).

---

sentence terms imposed in the instant matter. It nonetheless failed to state a substantial question. *See Mastromarino*, 2 A.3d at 587 (sentencing courts have discretion to impose terms consecutively and the decision to do so raises a substantial question only where the aggregate sentence "appears on its face to be" at "an excessive level in light of the criminal conduct at issue"); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("we have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question").

In deciding whether a sentencing court imposed a sentence that was unreasonable, we are to be guided by the considerations listed in 42 Pa.C.S. § 9781(d) – nature and circumstances of the offense and history and characteristics of the defendant; opportunity of sentencing court to observe the defendant, including any presentence investigation; findings upon which the sentence was based; and sentencing guidelines – and whether the trial court properly considered the sentencing factors outlined in 42 Pa.C.S. § 9721(b) – protection of the public, gravity of the offense with respect to victim and community, and rehabilitative needs of the defendant. *Walls*, 926 A.2d at 964; *Commonwealth v. Velez*, 273 A.3d 6, 12 (Pa. Super.), *appeal denied*, 283 A.3d 792 (Pa. 2022).

We cannot say that the sentencing court abused its discretion by imposing an aggregate term six to twelve years. When Appellant pleaded guilty he was informed that he faced a maximum of 17 years' imprisonment, from which the sentence imposed was a significant reduction. Sentencing Court Opinion, 4. At the time Appellant was arrested in the instant matter, with possession of over 50 grams of cocaine and more than $3,000 in cash, he had multiple outstanding charges against him, including additional drug-trafficking charges to which he pleaded guilty prior to the consolidated sentencing hearing, and an additional flight to avoid apprehension charge. The sentencing court explicitly noted Appellant's pattern of being released from custody with charges pending and committing more serious crimes while on bail in which the high-speed chase case and instant matter arose. N.T. 3/1/23,

24. Ordering sentence terms to run consecutively was plainly reasonable in light of Appellant's repetitive criminal history.

In imposing sentence, the court is required to consider the circumstances of the offense and the character of the defendant. It did so here. The sentencing court explicitly acknowledged that it was crafting a sentence consistent with Appellant's prior record score, the nature of the offenses, public safety, and Appellant's rehabilitative needs, and it had the benefit of a PSI. N.T. 3/1/23, 12, 25. When there is a PSI, we can "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth. v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Appellant also argues that the sentencing court "fully disregarded [his] rehabilitative aims," because the sentence was not "crafted" to "facilitate [his] substance abuse or mental health rehabilitation." Appellant's Brief, 16. This claim also fails, both as a matter of law because the court was in possession of the PSI, *Devers*, 546 A.2d at 18, and as a matter of fact because the court acknowledged that Appellant needed to overcome his addiction and learn to make better choices. N.T. 3/1/23, 23, 25. The sentencing court also credited Appellant with the full time available to the instant matter in order for him to qualify for drug abuse rehabilitation as soon as possible while imprisoned, as was explicitly requested by defense counsel. *Id*. at 23, 26.

Appellant further asserts that the sentence imposed "does not rehabilitate [him], but exacerbates his underlying drug and mental health

issues." Appellant's Brief 16. He did not present any evidence at the hearing that some lesser sentence was necessary for his addiction or mental health, nor may he shift the burden onto the sentencing court to "offer… evidence to suggest that" the aggregate term "would allow [him] to receive substance abuse or mental health treatment." Appellant's Brief, 17. While Appellant requests this Court weigh the sentencing factors differently than the sentencing court, that is beyond our purview. ***Commonwealth v. Bricker***, 41 A.3d 872, 876 (Pa. Super. 2012) ("The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors") (citation omitted).

Our review of the record confirms that the sentencing court weighed the statutory factors, including Appellant's rehabilitative needs, and the sentence it imposed was not clearly unreasonable. 42 Pa.C.S. § 9781(c)(2).

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/09/2023

- 12 -