Cheryl EGAN and Christy Vanlouvender

v.

**STROUDSBURG SCHOOL DISTRICT and George C. Bercier,**

**Appeal of: Cheryl Egan.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 2007.
Decided June 28, 2007.

Rebecca A. Gonzalez, Stroudsburg, for appellant.

Angela Maione Costigan, Philadelphia, for appellees, Stroudsburg School District and George C. Bercier.

BEFORE: COLINS, Judge, McGINLEY, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COLINS.

Plaintiff, Cheryl Egan (Egan) Appeals from an order of the Court of Common Pleas of Monroe County (trial court) that granted George C. Bercier's (Bercier) and Stroudsburg School District's (Stroudsburg), (collectively, Defendant), motion for summary judgment.

On March 15, 2000, Egan was driving her car in Monroe County when she was hit by a school bus, owned by Stroudsburg, and driven by Bercier, an employee of Stroudsburg. Egan filed a civil complaint against Stroudsburg and Bercier, alleging she sustained severe and permanent injuries as a result of Bercier's negligent operation of the bus. Egan sought damages for pain and suffering, medical expenses and loss of personal property.

In addition to denying Egan's allegations, Defendant moved for summary judg-

ment. In an opinion and order dated December 14, 2004, the trial court denied Defendant's first summary judgment motion, finding a genuine issue of fact existed as to whether Egan suffered a permanent loss of bodily function because Defendant's expert failed to provide the necessary medical testimony to allow the trial court to make a determination. However, following an Independent Medical Evaluation conducted in July 2005, Defendant again moved for summary judgment. Defendant argued that Egan did not sustain an injury that would permit recovery under Chapter 85 of the Judicial Code, 42 Pa.C.S. §§ 8505—8564. On March 16, 2006, the trial court issued an opinion and order granting Defendant's motion. The trial court concluded that the affidavit of Egan's expert failed to provide medical evidence of a permanent loss of bodily function or articulate any bodily act that Egan was not able to perform which she had been able to perform prior to sustaining the injury. Egan appealed the trial court's decision.[1]

On April 18, 2006, the trial court directed Egan to file a Pa. R.A.P 1925(b) statement of matters complained of on appeal within fourteen days, and serve a copy on the trial court. On May 1, 2006, Egan filed her statement, which provided in pertinent part "that whether [Egan] has suffered a permanent loss of bodily function as defined under 42 Pa.C.S. § 8553(c)(ii) is a determination for the jury and that,

therefore, granting Defendant's Motion for Summary Judgment was improper." On May 8, 2006, the trial court, in a statement in lieu of an opinion, stated that "[t]o date, this Court has never been served with a copy of a Rule 1925(b) Statement of Matters Complained of on Appeal." In addition, the trial court requested that the Appellate Court find Egan waived her appeal.[2]

Before this Court, Egan argues that the trial court erred in: recommending that we find her appeal waived for failing to comply with the trial court's order to file a 1925(b) statement of matters complained of on appeal; and, granting Defendant's motion for summary judgment.[3]

Egan first argues that the trial court erred in recommending that we find her appeal waived for failing to comply with the trial court's order to file a 1925(b) statement of matters complained of on appeal. Egan argues that she complied with the trial court's order by filing her statement in a timely manner. Egan continues that her compliance is evidenced by the docket entries and the time stamped statement itself, both of which indicate Egan filed her statement with the Monroe County Prothonotary on May 1, 2006.

■ Rule 1925(b) provides as follows:

**Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the

1. On April 12, 2006, Egan filed a notice of appeal with the Superior Court of Pennsylvania. On July 28, 2006 the Superior Court issued an order transferring the matter to this Court.

2. On September 22, 2006, this court dismissed the matter based on Egan's failure to comply with the trial court's order of April 18, 2006. Subsequently, Egan filed a motion to vacate and reinstate her appeal, which we granted in an order dated October 24, 2006. That order also directed the parties to brief

the issue of whether Egan preserved her right to appeal.

3. Our standard of review from an order granting summary judgment is plenary. *Jennison Family Limited Partnership v. Montour School District*, 802 A.2d 1257 (Pa.Cmwlth. 2002), *petition for allowance of appeal denied*, 572 Pa. 738, 815 A.2d 635 (2003). We will only reverse the order where there is an abuse of discretion or error of law. *Id.*

appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Pa. R.A.P.1925(b). Pursuant to this rule, an appellant must comply whenever the trial court orders the filing of a 1925(b) statement in order to preserve a claim for appellate review. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998).

In recommending that we find waiver, the trial court cited *Forest Highlands Community Association v. Hammer*, 879 A.2d 223, 229 (Pa.Super.2005). In Forest, our Superior Court held that an appellant's failure to comply with the service requirement of 1925(b) resulted in a waiver of the complaint on appeal. *Id.* at 229. The Superior Court reasoned that neither the Rules of Appellate Procedure nor the applicable case law placed the burden of locating an appellant's 1925(b) statement on the trial court. *Id.*

■ Although *Forest* is not binding on this Court, we agree with the holding and the rationale. The trial court directed Egan "to file of record and serve upon this Court, no later than (14) days after the entry of this Order, a Concise Statement of matters complained of on Appeal pursuant to Pa. R.C.P.1925(b) [sic]." (Trial court order, April 18, 2006). Although Egan filed her statement in a timely manner, she failed to serve it upon the trial court. The trial court's order clearly directed Egan to do both, and it was not enough to file the statement with the prothonotary and expect the trial court to find it. Because Egan failed to comply with the trial court's order to serve her 1925(b) statement upon the trial court, the issues she raised in her 1925(b) statement were waived on appeal. Accordingly, we will quash Egan's appeal.

### ORDER

AND NOW, this 28th day of June 2007, this appeal is quashed.