IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben Serrano,                              :
                    Appellant               :
                                            :
        v.                                  :  No. 80 C.D. 2018
                                            :  Submitted: May 25, 2018
Joseph Dupont, et al.                       :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: August 17, 2018

        Ruben Serrano, *pro se*, appeals an order of the Huntingdon County
Court of Common Pleas (trial court) that dismissed his "Complaint for Money
Damages" alleging that employees of the Department of Corrections violated his
constitutional rights by depriving him of a fair and unbiased misconduct proceeding.
In doing so, the trial court found that Serrano's complaint was frivolous under PA.
R.C.P. No. 240(j)(1). For the reasons that follow, we quash the appeal.

        On July 26, 2017, Serrano, an inmate at the State Correctional
Institution (SCI) at Smithfield, filed a civil complaint against several employees of
the Department of Corrections (Department Employees).[1] The complaint alleged
that on April 8, 2017, an inmate crew was working on the plumbing system in
Serrano's cell when a worker discovered a contraband weapon in the pipe.
Complaint ¶15. A Department Employee issued a misconduct report against

_____

[1] The named defendants were Joseph Dupont, Eric Tice, S. Ellenberger, C. Wakefield, and Captain
Feagley, all employees of the Department at SCI-Smithfield who were involved in issuing the
misconduct against Serrano or adjudicating his administrative appeals.

Serrano, and he was assigned to the restricted housing unit (RHU). Complaint ¶¶18-19. Serrano filed an administrative grievance and received a hearing, where he denied knowledge of the weapon and claimed that another inmate, Jason Baran, had confessed to multiple Department Employees that the weapon belonged to him. Complaint ¶20. The hearing examiner rejected Baran's confession as not credible and found Serrano guilty of possession of contraband. *Id.* Serrano exhausted the administrative appeals process and was unsuccessful. Complaint ¶¶21-24.

Serrano's complaint asserted that Department Employees violated his right to due process and to be free from cruel and unusual punishment because they "[a]cted in a bias[ed] manner and or disregarded all facts surrounding the alleged contraband." Complaint ¶14. Essentially, Serrano asserted that Department Employees committed abuse of process by disregarding Baran's confession and finding him guilty of possessing the contraband weapon. Serrano complained that his placement in the RHU caused him to suffer lack of communication with his family and friends and loss of privileges such as access to cable television. *Id.* Serrano demanded $100,000 in money damages from each Department Employee, plus punitive damages.[2] Serrano also petitioned the trial court for leave to proceed *in forma pauperis* under PA. R.C.P. NO. 240. On August 8, 2017, the trial court dismissed Serrano's complaint as frivolous under PA. R.C.P. NO. 240(j)(1) because

---

[2] Specifically, Serrano stated:

> Your Plaintiff herein, respectfully and humbly ask[s] for a written declaratory judgment order against the named defendants . . . each of them jointly and severally, for the following recoverable damages: (a) deprave and indifference [sic] - $25,000.00; (b) punitive damages - $25,000.00; (c) unnecessary pain and suffering - $25,000.00; and extreme unnecessary estress [sic] - $25,000.00.

Complaint ₧38. Thus, despite Serrano's use of the term "declaratory judgment," he seeks only monetary damages.

it failed to allege any action by Department Employees that implicated Serrano's right to due process.

On September 5, 2017, Serrano filed a notice of appeal. On September 12, 2017, the trial court entered an order stating, in pertinent part:

> Ruben Serrano is directed to file of record a Statement of Errors Complained of on Appeal within 21 (twenty-one) days from this date. Said Statement shall be filed of record with the Prothonotary and served on this Court and opposing counsel. Any issue not properly raised shall be deemed waived.

Original Record, Item No. 7 (O.R. __). Serrano filed a Statement of Errors with the prothonotary on October 2, 2017, but did not serve it on the trial court. On October 17, 2017, the trial court issued an opinion pursuant to PA. R.A.P. 1925(a) stating that this Court should dismiss Serrano's case because his failure to comply with PA. R.A.P. 1925(b) resulted in waiver of his issues on appeal. The trial court further explained that even if Serrano had complied with Rule 1925(b), his complaint was still frivolous because Department Employees afforded him adequate due process.

On appeal,[3] Serrano argues that the issues raised in his appeal are not waived because he complied with the trial court's September 12, 2017, order by mailing his Statement of Errors to the court on September 27, 2017. Serrano also contends that the trial court erred in dismissing his complaint as frivolous because Department Employees committed abuse of process, violated his due process and equal protection rights, and are not immune from liability for these actions.

---

[3] In reviewing the trial court's decision, we must determine whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

We first consider whether we must quash Serrano's appeal because he failed to serve his Statement of Errors on the trial court and, therefore, waived all of the issues raised therein. Rule 1925(b) provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court *and serve on the judge* a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.*—Appellant shall file of record the Statement *and concurrently shall serve the judge*. Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a)[.]

(2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

4

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver.*

* * *

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

PA. R.A.P. 1925(b) (emphasis added).

The requirements of Rule 1925(b) are strictly enforced, as our Supreme Court has explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file *and serve* a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted) (emphasis added). This Court has quashed appeals where the appellant failed to timely serve the trial judge with a Rule 1925(b) Statement of Errors, even though the statement was timely filed of record. *See, e.g.*, *Egan v. Stroudsburg School District*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007); *Clad Management, LLC v. Department of Transportation* (Pa. Cmwlth., No. 819 C.D. 2016, filed April 3, 2017); *Boyle v.*

5

*Mahoning Dissolution Corporation* (Pa. Cmwlth., No. 1021 C.D. 2009, filed October 6, 2009).[4]

Here, the trial court's order of September 12, 2017, directed Serrano to file his Statement of Errors with the prothonotary *and* serve it on the trial court and opposing counsel within 21 days. He was advised that any issue "not properly raised shall be deemed waived." O.R. 7. The docket reveals that Serrano filed his Statement of Errors with the prothonotary on October 2, 2017, but he did not effect service on the trial court. O.R. 8, at 3. Contrary to Serrano's position, "it was not enough to file the statement with the prothonotary and expect the trial court to find it." *Egan*, 928 A.2d at 402. Because Serrano did not serve the trial court with his Statement of Errors in accordance with Rule 1925(b)(2) and the court's September 12, 2017, order, all of the issues raised therein are waived.

For all of the foregoing reasons, we are constrained to quash Serrano's appeal.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben Serrano,                    :
              Appellant       :
                              :
          v.                 :   No. 80 C.D. 2018
                              :
Joseph Dupont, et al.         :

## **O R D E R**

AND NOW, this 17th day of August, 2018, the above-captioned appeal is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge