# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico
          Appellant

          v.

Commonwealth of Pennsylvania,
Chester County Adult Probation/Parole,
Unknown Official of Adult Probation,
Chester County District Attorney's
Office, Unknown DA of Chester
County, Chester County Hospital,
Unknown Official of PA State Health
Department, Unknown Chester County
Hospital Nurse, United States Health
and Human Services, Unknown FBI
Agents of Philadelphia, Unknown FBI
of Newtown Square, Chester County,
Delaware County, Delaware
County Probation/Parole, Unknown
Officials of Delaware County Probation,
Delaware County District Attorney's
Office, Unknown DA of
Delaware County, J. Phyllis Streitel,
Chester County Prison, Unknown
Official of Chester County Prison,
John & Jane Does, United States,
Unknown Chester County Prison
Official, Unknown Chester County
Prison Mental Health Officials,
Ziggler, Yanazelli, et al., Unknowns,
Unknown Prime Care Medical Officials

No. 1459 C.D. 2018
Submitted: April 12, 2019

**BEFORE:**     **HONORABLE MARY HANNAH LEAVITT,** President Judge
              **HONORABLE RENÉE COHN JUBELIRER,** Judge
              **HONORABLE ELLEN CEISLER,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                              **FILED:  November 22, 2019**

Justin Credico (Credico), pro se, appeals from the June 1, 2018 Order (June 2018 Order) of the Court of Common Pleas of Chester County (trial court) denying Credico's motion to proceed *in forma pauperis* (IFP) so that he could file a petition to open or strike a judgment of non pros that was entered against him.[1]  The trial court concluded that Credico waived any issues on appeal by not filing of record a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b).  Because it is unclear based on the record before us whether Credico properly filed and served a Rule 1925(b) statement, we remand to the trial court.  Also before the Court is Credico's application for relief in the form of a motion to introduce an exhibit (Application).  Because the exhibit is already in the record, we deny this Application as moot.

## I.    Background

In 2016, Credico filed a petition for review in this Court's original jurisdiction against Probation and Parole Appellees,[2] Chester County Appellees,[3] Hospital

---

[1] The Order also dismissed another motion to proceed IFP that was filed by Credico as moot.

[2] Unless otherwise separately identified, Probation and Parole Appellees include Chester County Adult Probation/Parole, Delaware County Probation/Parole, and the Honorable Phyllis Streitel, all of which have joined in a brief.

[3] Unless otherwise separately identified, Chester County Appellees include the County of Chester, Chester County Prison, and Unknown Official of Chester County Prison, all of which have joined in a brief.

Appellees,[4] and the District Attorney's Office Appellee[5] (together, Appellees).[6] This Court transferred the matter to the trial court after concluding that it was a civil rights complaint "sound[ing] in the nature of a tort action and seek[ing] money damages."[7] *Credico v. Commonwealth* (Pa. Cmwlth., No. 287 M.D. 2016, filed May 9, 2016). Upon transfer to the trial court, Credico filed an application to proceed IFP, which the trial court denied by order dated July 13, 2016. The trial court ordered Credico either to pay the filing fee within 10 days or suffer entry of a judgment of non pros by the Prothonotary of Chester County (prothonotary) pursuant to Pennsylvania Rule of Civil Procedure 240(c)(1)(ii), Pa.R.C.P. No. 240(c)(1)(ii).[8] Credico filed a motion for reconsideration on July 29, 2016, which the trial court denied by order dated June

---

[4] Unless otherwise separately identified, Hospital Appellees include Chester County Hospital and Unknown Chester County Hospital Nurse. Hospital Appellees have joined in a brief.

[5] District Attorney's Office Appellee is the Chester County District Attorney's Office.

[6] The remaining Appellees who are not participating before this Court are the Commonwealth of Pennsylvania, Unknown Official of Adult Probation, Unknown DA of Chester County, Unknown Official of PA State Health Department, United States Health and Human Services, Unknown FBI Agents of Philadelphia, Unknown FBI of Newtown Square, Delaware County, Unknown Officials of Delaware County Probation, Delaware County District Attorney's Office, Unknown DA of Delaware County, John & Jane Does, United States, Unknown Chester County Prison Official, Unknown Chester County Prison Mental Health Officials, Ziggler, Yanazelli, et al., Unknowns, and Unknown Prime Care Medical Officials.

[7] Briefly, Credico's allegations relate to his release from county prison despite knowledge by several Appellees that he was homeless. Credico alleges he took shelter in a mausoleum on the night of his release and was bitten by a bat. He avers he was diagnosed with rabies, hydrophobia, and trench foot shortly thereafter. According to Credico, he received most, but not all, of his needed rabies vaccinations. He asserts various tort claims against Appellees for insufficient treatment and for their roles in releasing him from prison despite knowledge of his lack of housing.

[8] Rule 240(c)(1)(ii) provides generally that if a court denies a party's petition to proceed IFP, the party must pay the filing fee. If the party does not pay the filing fee, the prothonotary, no sooner than 10 days after the denial, "shall enter a judgment of non pros in the action." Pa.R.C.P. No. 240(c)(1)(ii).

19, 2017,[9] citing Pennsylvania Rule of Civil Procedure 240(j), Pa.R.C.P. No. 240(j).[10] Although the trial court cited Rule 240(j), which should have dismissed the action as frivolous, the trial court, nonetheless, again ordered Credico to pay the filing fee within 10 days or the prothonotary would enter a judgment of non pros.

Credico did not pay a filing fee but filed a notice of appeal of the June 19, 2017 order to the Superior Court.[11] The Superior Court ordered Credico to show cause as to the basis for its jurisdiction over the appeal, noting that Credico appeared to be untimely appealing the July 13, 2016 order in which the trial court denied Credico's application to proceed IFP. After Credico did not respond, the Superior Court quashed Credico's appeal, reasoning that the June 19, 2017 trial court order denying reconsideration was not an appealable order and Credico's filing of the motion for reconsideration did not extend the appeal period to challenge the July 13, 2016 order. Accordingly, the Superior Court held the appeal was untimely.

---

[9] In a different subsequent order, the trial court explained that it was unaware that the motion for reconsideration "had been filed or was ripe for disposition," and therefore it remained with the prothonotary for a year. (Oct. 11, 2017 trial court order, Record (R.) Item No. 26.) Pursuant to an automatic case listing policy of the trial court, the action was placed on the civil action trial list in June 2017, at which time the trial court learned of the motion for reconsideration and issued the order denying it.

[10] Rule 240(j)(1) allows a trial court to dismiss a frivolous proceeding before ruling on an IFP application when the application is filed simultaneously with commencement of the action. The note to Rule 240(j)(1) provides "[a] frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.C.P. No. 240(j)(1) (note) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Rule 240(j)(1) was inapplicable to the trial court's June 19, 2017 order because the trial court previously denied the IFP application, but did not dismiss the Complaint or cite to Rule 240(j)(1). In its June 19, 2017 order, the trial court was only reviewing Credico's motion to reconsider the initial denial of the IFP application.

[11] Credico actually filed two notices of appeal from the June 19, 2017 order with the Superior Court. The first was docketed at 2545 EDA 2017, and the second was docketed at 2317 EDA 2017. The Superior Court dismissed the first appeal as duplicative of the second.

4

Following the Superior Court's order quashing the appeal, Credico filed with the trial court an application to proceed IFP in January 2018.[12] On April 2, 2018, Credico filed a second motion seeking to proceed IFP along with a petition to open or strike the judgment of non pros that was previously entered. In response, the trial court issued the June 2018 Order denying Credico's most recent motion to proceed IFP and dismissing the earlier application as moot. Therein, the trial court also noted that Credico's Complaint had been previously deemed frivolous by the trial court in June 2017. "Despite such a finding," the trial court noted it "permitted [Credico] to pay the filing fee in order to obtain appellate review," which he did not do, resulting in entry of judgment of non pros. (June 2018 Order.)

On June 12, 2018, Credico simultaneously filed a notice of appeal of the June 2018 Order[13] and what he labeled as a Rule 1925(b) statement (June Rule 1925(b) Statement).[14] The certificate of service accompanying the notice of appeal and June Rule 1925(b) Statement indicates only the prothonotary's office was sent a copy, but does not mention service on the trial court. On June 26, 2018, the trial court issued an order directing Credico to file a Rule 1925(b) statement within 21 days. The order directed Credico to file the statement of record and serve a copy on the trial court pursuant to Rule 1925(b)(1). The order warned that "[a]ny issue not properly included in the [s]tatement timely filed and served pursuant to [Rule 1925(b)] shall

---

[12] This particular application for leave to proceed IFP was docketed on June 1, 2018. The trial court explained in its June 2018 Order that the prothonotary received this particular application in January 2018 and forwarded it to the trial court for disposition but never docketed it at that time.

[13] Credico appealed to the Superior Court, which transferred the matter to this Court.

[14] In the June Rule 1925(b) Statement, Credico asserted error based on the trial court denying him the opportunity to proceed IFP and contended that material issues of law and fact existed as to the allegations set forth in his Complaint.

be deemed waived. Attention is directed to [Rule 1925(b)(4),] which sets forth requirements for the [s]tatement." (June 26, 2018 trial court order.)

The record does not reflect any other Rule 1925(b) statement being filed. However, in its July 24, 2018, Order in Lieu of 1925 Opinion, the trial court noted that it received a Rule 1925(b) statement from Credico on July 5, 2018 (July Rule 1925(b) Statement), but it was not filed with the prothonotary. The trial court acknowledged that Credico filed the June Rule 1925(b) Statement simultaneously with his notice of appeal in June, but found it was not in compliance with the order directing him to serve it upon the trial court. The trial court also explained that the June Rule 1925(b) Statement filed with the prothonotary was different from the July Rule 1925(b) Statement that was served on the trial court but purportedly not filed with the prothonotary. Because Credico did not file a Rule 1925(b) statement in compliance with the trial court's order and Rule 1925(b), the trial court reasoned that Credico had waived all objections to the June 1, 2018 Order.[15]

## I. Parties' Arguments

On appeal,[16] Credico argues "that he sufficiently and substantially complied with the requirements of [Rule] 1925." (Credico's Brief (Br.) at 45.) Because he substantially complied with Rule 1925, Credico asks this Court to remand this matter and order the trial court to issue a Rule 1925(a) opinion. Credico also argues that the trial court erred because Credico provided a sufficient factual and legal basis to be allowed to proceed IFP. Moreover, Credico asserts that, to the extent the trial

---

[15] The trial court further stated that if the appellate court determines Credico properly preserved an issue for appeal, it would issue an opinion pursuant to Rule 1925(a), if requested.

[16] Our review of a trial court's denial of an IFP application is "limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." *Thomas v. Holtz*, 707 A.2d 569, 570 n.2 (Pa. Cmwlth. 1998).

6

court dismissed his action on the basis of the statute of limitations, the doctrines of continuing violations, the discovery rule, and fraudulent concealment apply.

Appellees respond that the trial court did not err in issuing an Order in Lieu of a Rule 1925(a) opinion because Credico did not file a Rule 1925(b) statement after the trial court's order instructing him to do so; therefore, Credico has waived all issues on appeal. Appellees argue as follows. The trial court order directing Credico to file the Rule 1925(b) statement gave Credico adequate notice of the requirements of filing and serving the trial court and the consequences of waiver if those requirements were not fulfilled. Credico did not file of record a Rule 1925(b) statement in response to the trial court's order directing it and the July Rule 1925(b) Statement that the trial court received was not filed of record. Credico did not comply or even substantially comply with the filing and service requirements of Rule 1925. Because Credico did not comply with Rule 1925, his issues on appeal are clearly waived and, accordingly, the trial court did not err in issuing an order in lieu of a Rule 1925(a) opinion.[17]

Credico replies that he sent the Rule 1925(b) statements both to the prothonotary and to the trial court, and "it is unknown why the prothonotary never received" the July 1925(b) Statement, but "the chambers did." (Credico's Reply Br. at 2.) Credico represents that he "presents evidence that he did in fact mail the statement . . . properly," but attaches no documents to support this. (*Id.*) Because Credico was evidently incarcerated again at the time he mailed these documents, Credico also contends that he has no control over his legal mailings as a prisoner,

---

[17] Chester County Appellees and Chester County Hospital Appellees also assert that they were not properly served with the Complaint and, therefore, the trial court lacked jurisdiction. Chester County DA Appellees, Chester County Appellees, and Probation and Parole Appellees argue alternatively various grounds why Credico's claims on his underlying Complaint are without merit and warrant dismissal. Given our disposition, we need not address these arguments.

and he "cannot be made accountable for any mistakes in [mail] delivery" after he provides the mail to the prison authorities. (*Id.* at 3.)

## II. Discussion

Because it is dispositive, we will address first whether Credico complied with Rule 1925(b) such that he has preserved any issues for appeal. Specifically, before us is whether Credico adhered to the filing and service requirements. The trial court concluded that Credico did not comply, as his June Rule 1925(b) Statement was premature and the July 1925(b) Statement was served on the trial court but not filed.

It is a bright-line rule that in order for litigants to preserve claims on appeal, they must comply with a trial court order to file a Rule 1925(b) statement. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). This strict application of Rule 1925 may be harsh, but non-compliance with Rule 1925 "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal . . . ." *Id.* Rule 1925(b) provides:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in [Pennsylvania Rule of Appellate Procedure 121(a),] Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).

8

Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b).

As this Court explained in *Egan v. Stroudsburg School District*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007), a party must file **and serve** a Rule 1925(b) statement in order to preserve any issues on appeal. In *Egan*, the court of common pleas directed the appellant to file and serve a Rule 1925(b) statement for an appeal of an order granting summary judgment. The appellant filed the Rule 1925(b) statement with the prothonotary, but the common pleas court, in an order in lieu of opinion, stated that any issues on appeal were waived because the appellant had not served the court with the Rule 1925(b) statement. The appellant argued before this Court that she complied with the common pleas' order and filed the statement in a timely manner, but we disagreed based upon the language of Rule 1925(b), the Superior Court's opinion in *Forest Highlands Community Association v. Hammer*, 879 A.2d 223, 229 (Pa. Super. 2005), and common pleas' order. The appellant was required "to file of record and serve upon [the] [c]ourt" the Rule 1925(b) statement, we observed, and while the appellant "filed her statement in a timely manner, she failed to serve it upon the . . . court." *Egan*, 928 A.2d at 402. Because common pleas' "order clearly directed [the appellant] to do both," "it was not enough to file the statement with the prothonotary and expect the [common pleas] court to find it." *Id.* Accordingly, we determined that the appellant's issues presented in her Rule 1925(b) statement were waived.

Further, as the Superior Court noted in *Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company*, 804 A.2d 31, 34 (Pa. Super. 2002),[18] the filing requirement of Rule 1925 is separate from but equally as crucial as the service requirement. There, the Superior Court determined the appellant waived any issues on appeal by not filing a Rule 1925(b) statement. Seeking reconsideration before the Superior Court, the appellant presented an unsigned letter to the trial court regarding service of the Rule 1925(b) statement, an unsigned copy of the Rule 1925(b) statement, and a certificate of service indicating the trial court was served. These documents were not part of the trial court record or listed on the docket. The Superior Court denied reconsideration and affirmed its order that the appellant had waived any issues by not filing of record the Rule 1925(b) statement. "The filing requirement is distinct from the service requirement in that the filing requirement ensures that the [Rule 1925(b) statement] becomes part of the [original] record," the Superior Court explained, and documents not contained in the trial court record "are considered to be non-existent." *Id.* Deficiencies such as these in the record "cannot be cured" by simply demonstrating that the Rule 1925(b) statement was mailed to the trial court but not filed of record, the Superior Court opined. *Id.* Because the appellant's evidence in the petition for reconsideration indicated only that the Rule 1925(b) statement was served on the trial court but never filed of record, the Superior Court concluded again that the appellant's issues were waived.

Here, the trial court, consistent with Rule 1925, ordered Credico to file of record and serve the trial court with a Rule 1925(b) statement. (Record Item (R.) No. 35.) The trial court concluded in its Order in Lieu of Rule 1925(a) Opinion that

---

[18] Although not binding on this Court, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 551 (Pa. Cmwlth. 2018).

neither Rule 1925(b) statement properly complied with the filing and service requirements. Based on our review of the record, the certificate of service for the June Rule 1925(b) Statement does not show service on the trial court and the July Rule 1925(b) Statement is not docketed as having been filed of record. However, Credico asserts he did properly file and serve this statement, arguing that he "sent both copies, and for unknown rea[s]ons beyond his control – as he was a prisoner using prison legal mail systems and prisoner mailbox rule process - . . . the prothonotary never received the matters complained of, but the chambers did." (Credico's Reply Br. at 2.) Where there remains a question regarding service and filing of a Rule 1925(b) statement, "[a]n appellate court may remand in either a civil or criminal case for a determination as to whether a [s]tatement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). We must do so here. Credico's arguments, if supported by evidence, could demonstrate that he complied with Rule 1925 by filing and serving a Rule 1925(b) statement. If so, then his issues are preserved for appeal.

As evidenced by the lengthy and complicated procedural history in this case, there have been various apparent breakdowns in the trial court with regard to Credico's filings. This is evidenced, for example, by Credico's motion for reconsideration filed July 26, 2016, which the trial court did not rule upon until June 19, 2017, because the trial court did not receive it from the prothonotary, (R. Item No. 26), or Credico's January 2018 IFP application that the trial court explained was not docketed until June 1, 2018, because the prothonotary did not docket it when it was filed, (*see* June 2018 Order). Considering these instances of breakdown, and Credico's allegation that he did, in fact, file and serve his Rule 1925(b) statements, it is necessary to remand this matter pursuant to Rule 1925(c)(1) for "a determination

11

as to whether [the July Rule 1925(b)] Statement had been filed and/or served." Pa.R.A.P. 1925(c)(1).

We recognize the bright-line waiver rule where an appellant does not comply with the requirements of Rule 1925, and recognize that this waiver rule "may appear harsh." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). The application of this waiver rule due to improper filing and/or service of a Rule 1925(b) statement puts Credico out of court. Here, there is a question as to whether Credico properly served and filed a Rule 1925(b) statement and the record discloses that some items previously filed by Credico were not properly and/or timely docketed in the course of this case. Therefore, remand is necessary before there can be a conclusion that all issues are waived on appeal. If the trial court finds it is necessary, it should allow discovery or conduct a hearing at which Credico can testify and/or present any evidence he has of timely filing and service of a statement. If the trial court finds on remand that Credico did comply with Rule 1925(b), the trial court is instructed to issue a Rule 1925(a) opinion addressing Credico's issues regarding the June 2018 Order. If the trial court finds on remand that Credico did not comply with Rule 1925(b), the trial court is instructed to issue an order or opinion explaining why.

### III.    Credico's Application

Finally, we address Credico's Application. Credico requests this Court to issue an order admitting into the record an exhibit from the Chester County Hospital demonstrating the actual injury Credico suffered. The exhibit is an immunization sheet pertaining to Credico's underlying claims in his Complaint against Appellees. Although Appellees contend that this exhibit is not in their records, Credico asserts that it was attached to his Complaint and seeks to admit it now. The exhibit that

12

Credico seeks to admit appears in the record attached to his Complaint. Accordingly, his Application seeking admission of an exhibit relevant to the merits of his underlying causes of action is denied as moot.

## IV.    Conclusion

It is unclear from the trial court record whether Credico complied with the requirements of Rule 1925(b) and he asserts that he has evidence demonstrating that he did. We remand this matter pursuant to Rule 1925(c)(1) for the trial court, within the next 60 days, to enter an order determining whether or not a Rule 1925(b) statement was properly filed and served. If necessary, the trial court shall order discovery, hold an evidentiary hearing, and/or enter findings of fact and conclusions of law. If the trial court determines that a Rule 1925(b) statement was properly filed and served, the trial court shall issue a Rule 1925(a) opinion addressing Credico's issues on appeal for the June 2018 Order. If the trial court concludes that a Rule 1925(b) statement was not properly filed, the trial court shall issue an order explaining its finding. Additionally, we deny Credico's Application as moot because the document he seeks to admit is already in the record.

_____
**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in the decision of this case.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Credico               :
              Appellant     :
                          :
          v.            :    No. 1459 C.D. 2018
                          :

Commonwealth of Pennsylvania,   :
Chester County Adult Probation/Parole,  :
Unknown Official of Adult Probation,  :
Chester County District Attorney's  :
Office, Unknown DA of Chester  :
County, Chester County Hospital,  :
Unknown Official of PA State Health  :
Department, Unknown Chester County  :
Hospital Nurse, United States Health  :
and Human Services, Unknown FBI  :
Agents of Philadelphia, Unknown FBI  :
of Newtown Square, Chester County,  :
Delaware County, Delaware  :
County Probation/Parole, Unknown  :
Officials of Delaware County Probation,  :
Delaware County District Attorney's  :
Office, Unknown DA of  :
Delaware County, J. Phyllis Streitel,  :
Chester County Prison, Unknown  :
Official of Chester County Prison,  :
John & Jane Does, United States,  :
Unknown Chester County Prison  :
Official, Unknown Chester County  :
Prison Mental Health Officials,  :
Ziggler, Yanazelli, et al., Unknowns,  :
Unknown Prime Care Medical Officials  :

# **O R D E R**

**NOW**, November 22, 2019, the above-captioned matter is **REMANDED** to the Court of Common Pleas of Chester County (trial court) to, within the next 60 days, enter an order determining whether a Rule 1925(b) statement was properly

filed and served. If necessary, the trial court shall order discovery, hold an evidentiary hearing, and/or enter findings of fact and conclusions of law. If the trial court determines that a Rule 1925(b) statement was properly filed and served, the trial court shall issue a Rule 1925(a) opinion addressing Credico's issues on appeal for the June 2018 Order. If the trial court concludes that a Rule 1925(b) statement was not properly filed, the trial court shall issue an order explaining its finding.

Credico's application for relief in the form of a motion to introduce exhibit is **DENIED** as moot.

Jurisdiction retained. The Prothonotary is directed to remit the record to the trial court.

_____
**RENÉE COHN JUBELIRER,** Judge