IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer E. McDowell,                          :
                Appellant         :
                                     :      No. 809 C.D. 2020
           v.                             :      Submitted: July 23, 2021
                                     :
Department of Human Services                  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON                         FILED: September 23, 2021

Jennifer E. McDowell (McDowell), *pro se*, appeals from an order of the Philadelphia County Court of Common Pleas (Trial Court), which dismissed her emergency motion for protection order (Motion)[1] against the Department of Human Services (Department), without prejudice, as procedurally improper. Because McDowell did not articulate any discernible grounds for appeal, and did not file a Rule 1925(b) statement in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), she failed to preserve any issues for appellate review. Consequently, we dismiss her appeal.

---

[1] McDowell's Motion consisted of a cover sheet, a sample fill-in-the-blank order and rule returnable in which she handwrote that it was made under "231 Pa. Code §1905 Emergency Protection Order Section 2709 -Title 18 Crimes & Offenses," and a seven-page recitation of purported harassment and improper surveillance of herself and her children by the Department of Human Services (Department). *See* Original Record (O.R.), Item No. 2. She also appended a "Cease and Desist" letter dated May 21, 2020, pertaining to the alleged harassment.

## I. Background

On August 4, 2020, McDowell filed her Motion with the Trial Court, which was assigned to the motions judge. On the same date, the Trial Court dismissed the Motion "without prejudice as procedurally improper." *See* Original Record (O.R.), Item No. 1, Docket Entries. On August 12, 2020, McDowell filed a notice of appeal. By order of the same date, the Trial Court issued an order directing McDowell to file a statement of errors complained of on appeal pursuant to Rule 1925(b), Pa.R.A.P. 1925(b) (1925(b) Statement), within 21 days of the entry of the order on the docket (Order). The Order was docketed on August 18, 2020, and notice of the Order was provided.

McDowell acknowledges she received notice of the Order electronically, with an attachment entitled "Order" on August 19, 2020. *See* Appellant's Br. at 11. There is no dispute that McDowell did not file or serve a 1925(b) Statement within 21 days of the docketing of the Order, *i.e.*, by September 8, 2020.

The Trial Court issued an opinion on September 11, 2020, emphasizing McDowell's failure to file a 1925(b) Statement, and resulting waiver of any issues for appeal. In addition, the Trial Court noted that McDowell also did not take any on-the-record actions to preserve her appeal rights.[2]

---

[2] This Court received several extra-record submissions from McDowell as attachments to her brief. She included a letter addressed to the Trial Judge entitled "Statement of Errors" dated September 15, 2020. *See* Appellant's Br., Ex. 3. Therein, she acknowledges receiving notice of the Order directing the filing of the Rule 1925(b) Statement, but she claims she "had issues on retrieving the actual document." *Id.* She advised the Trial Judge that she called the clerk's office and spoke with an employee of the office twice on August 19, 2020, the date she received the notice. She states: "An order directing me to submit a Statement of Errors was never mentioned." *Id.* She also claims she never received a hard copy of the Order by U.S. Mail.

By correspondence dated September 24, 2020, the Prothonotary of this Court advised McDowell that the Statement shall be filed with the Trial Court and served on the Trial Judge and other parties. *See id.*, Ex. 5 (Ltr. of M. Krimmel, Prothonotary, 9/24/20). Still, McDowell did not file a Statement in the Trial Court at any time.

On March 9, 2021, this Court issued an order directing the parties to address the effect of McDowell's failure to file a timely Rule 1925(b) Statement, and whether any issues were preserved for appeal. The Department did not file a brief.[3] Based on McDowell's brief and the limited record, we consider the matter.

## II. Discussion

At the outset, this Court examines whether McDowell preserved any issues for appeal, capable of meaningful review, when she did not file a 1925(b) Statement. Rule 1925(b) provides in pertinent part:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) Filing and service. The appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) Time for filing and service.

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause

---

[3] Counsel for the City of Philadelphia advised this Court by letter that it did not receive service of any filings below and so is not participating in the appeal. *See* Ltr. of K. Diffly, 6/30/21.

shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

\* \* \* \*

(3) Contents of order. The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both <u>the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement</u>. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b) (emphasis added).

It is well-settled law in Pennsylvania that the failure to file a timely Rule 1925(b) Statement automatically results in waiver of all issues on appeal, regardless of the length of the delay in filing. *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011); *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005). This bright-line rule of waiver applies regardless of whether the trial court issued an opinion that permits adequate appellate review.

4

As our Supreme Court explained in *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. **Any issues not raised in a 1925(b) statement will be deemed waived**." *Hill*, 16 A.3d at 494 (emphasis in original). Our Supreme Court consistently concludes the "'bright-line character of [the] strict waiver rule' is 'justified by an overarching concern to uniformity and certainty of result in the event of a failure to comply.'" *Id.* at 493.

Rule 1925(b) is mandatory. "Pursuant to [Rule 1925(b)], an appellant must comply whenever the trial court orders the filing of a [Rule] 1925(b) [S]tatement in order to preserve a claim for appellate review." *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007). Absent extraordinary circumstances, an untimely Statement results in waiver. *Castillo*. *See In re Clinton Cnty. Tax Claims Bureau Consol. Return*, 109 A.3d 331 (Pa. Cmwlth. 2015) (one-day late filing of Rule 1925(b) Statement was barred).

In the instant appeal, the Trial Court's 1925 Order does not contain an address to which the Statement may be delivered in person or by mail. As such, the Order does not comply with the contents part of the Rule, in Rule 1925(b)(3). Nevertheless, the Order's noncompliance does not excuse the lack of any recitation of the basis for McDowell's appeal.

In a similar case where a trial court's Rule 1925(b) order did not comply with the requirements of the Rule, a plurality of our Supreme Court held: "[I]n determining whether an appellant has waived [her] issues on appeal based on non[]compliance with [Rule 1925(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010)

5

(plurality op.). In *Berg*, the issue before the Court was "[w]hether the [appellate] [c]ourt erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b) Statement], . . . , when the trial judge's order directing a [Rule 1925(b)] Statement . . . to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [ ] Rule 1925(b)[.]" *Id*. at 1005. However, the Court's holding was limited to its facts as follows:

> [The *Berg* Court] hold[s] that the issues raised in [the a]ppellants' 1925(b) Statement were not waived, despite the fact that the statement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and where the [trial] court's Rule 1925([b]) order specified "filing" and not "service."

*Berg*, 6 A.3d at 1012 (emphasis added). The Court's conclusion was predicated on its rationale that the appellants in *Berg* substantially complied[4] with the trial court's order in that they attempted to serve the trial judge and the trial judge had a copy of the Statement in order to prepare an opinion. *Id.* at 1011 ("where the trial court's order is *inconsistent* with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply") (emphasis added).

Similar to this case, in *Berg*, the trial court's order did not conform to Rule 1925(b)(1) regarding the content of the Rule 1925 order because it neglected to set forth the service requirement. Here, the Trial Court's order did not conform to the content criteria because it did not include the address to which the 1925(b) Statement may be sent or served. It stated, in full:

---

[4] Substantial compliance is the equitable doctrine that allows a court "to overlook a procedural defect that does not prejudice a party's rights." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1008 (Pa. 2010) (plurality op.). While the trial court did not satisfy the requirements for the order language, the purpose of the rule was met in that the trial court had notice of the appeal grounds. *Id.* The Court noted that the trial court's noncompliance with the Rule resulted in an order containing contradictory instructions.

6

> AND NOW, on this 12th day of August, 2020, pursuant to Pa. R.A.P. 1925(b), [McDowell] in the above-captioned matter is hereby ORDERED to file a concise Statement of the Errors Complained of on Appeal. The Statement shall be filed of record and served on the Trial Judge no later than twenty one (21) days after the entry of this order upon the docket. Filing of Record and concurrent service upon the Trial Judge and all other parties shall be done pursuant to Pa. R.A.P. 1925(b)(1).
>
> Pursuant to Pa.R.A.P. 1925(b)(4)(vii), any issue not properly included in a timely filed and properly served 1925(b) Statement is waived. Your non[]compliance with this Order may be deemed by the Appellate Court as a waiver of all objections to the order, ruling or other errors complained of.

O.R., Item No. 3.

Appended to the Trial Court's opinion are copies of the docket entries, at Exhibit 1, and the Order dated August 12, 2020, directing McDowell to file a Rule 1925(b) Statement. The docket entries show that the Order was docketed on August 18, 2020, and the docket likewise reflects that no 1925(b) Statement was filed of record. The Trial Court thus reasoned in its opinion that McDowell waived all issues for appeal. This Court agrees.

Notably, unlike the order in *Berg*, the Trial Court's 1925(b) Order advised that McDowell's failure to file a Statement would result in a waiver of all issues. Despite containing that waiver language, McDowell did not file the 1925(b) Statement of record at all. Further, she did not file anything of record with the Trial Court regarding her alleged difficulty in reviewing the Order, even after this Court advised her to do so. As such, there was no attempted compliance with the filing requirement of the Rule. Thus, unlike *Berg*, where the Statement was filed of record and service was attempted, but not performed, the Trial Judge here had nothing from which to discern its alleged error. Additionally, there is nothing on the docket indicating McDowell attempted to file *or* serve a 1925(b) Statement within 21 days.

7

In addition, McDowell did not formally seek an extension for filing a Rule 1925(b) Statement late or present good cause for her failure to file. In fact, McDowell did not file a 1925(b) Statement in the Trial Court at all; while she sent a letter to the Trial Judge entitled "Statement of Errors," it is not filed of record.[5]

Moreover, notably, McDowell suffers no prejudice from deeming her appeal grounds waived on the facts presented. The Trial Court dismissed the Motion as procedurally improper, ***without prejudice***. Thus, McDowell may refile an appropriate pleading containing her substantive claims.[6] Further, we discern no extraordinary circumstances to warrant a remand to the Trial Court to permit the filing of a Rule 1925(b) Statement *nunc pro tunc*.[7]

---

[5] McDowell asserts in her brief that she contacted the Trial Court about an email with an attachment entitled "Order." She claims that when she contacted the person she identified as the clerk of court about difficulty with the attachment, she was "led to believe that she needed to wait for Judges [sic] opinion to be written and that her next steps would [] com[e] from Commonwealth Court of Pennsylvania. Appellant did not here [sic] about any direction concerning Statement of Errors Until after September 15, 2020." Appellant's Br. at 13.

[6] McDowell asserted the Department is engaging in institutional racism against her as a minority in violation of the Fourth, Thirteenth, and Fourteenth Amendments of the U.S. Constitution, *see* U.S. Const. amends. IV, XIII, and XIV. *See* Appellant's Br. at 14.

[7] Although Rule 1925(c) allows for a remand for a hearing on the circumstances related to good cause for an untimely Statement in certain circumstances, none of those circumstances are present here. Rule 1925(c)(2) provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of the Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). This Court holds: "[A]ppellate courts may remand civil cases to trial courts in order to cure defects in [Rule] 1925 practice . . . in two circumstances related to the filing of Rule 1925(b) Statements: (1) . . . 'for a determination as to whether a Statement had been filed and/or served or timely filed and/or served; or (2) '[u]pon application of the appellant and for good cause shown . . . .'" *See In re Condemnation by Mercer Area Sch. Dist.* (Pa. Cmwlth., No. 58 C.D. 2016, filed Dec. 15, 2016), slip op. at 9, 2016 WL 7241472 (unreported), *appeal denied*, (Pa., No. 98 WAL 2017, Aug. 30, 2017). When there is no dispute as to failure to file or untimeliness, as in this case, it is a waste of judicial resources to remand for a hearing as to those facts. As to the second ground for remand, here, McDowell did not make an application for remand or present good cause for failing to file a Statement in an **(Footnote continued on next page…)**

8

Regardless, we ultimately discern waiver because McDowell did not identify any errors by the Trial Court when it dismissed her Motion without prejudice as procedurally improper.[8] Her primary complaint is that the Trial Court did not address the merits. *See* Appellant's Br. at 14. Significantly, McDowell did not challenge the conclusion that the Motion was procedurally improper. As our sister appellate court reasoned: "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006) (citation omitted). Absent an assignment of error to the Trial Court, there is insufficient information for this Court to engage in appellate review.

While we recognize that McDowell handled this entire case without legal representation, her *pro se* status does not insulate her from compliance with the rules of court. "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [the] appellant is not entitled to any particular advantage because she lacks legal training." *Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006) (citation omitted). Indeed, this Court will not "become [an] appellant's counsel" and develop an appellate argument on her behalf. *Id*.

---

**(continued…)**

appropriate application. In light of the circumstances, this Court declines to remand the matter to the Trial Court *sua sponte*.

[8] Critically, McDowell does not contend that she did not file a Statement because she was unaware of an address to which to direct it. Indeed, the extra-record submissions reflect that she mailed a letter to the Trial Judge. As such, the Trial Court's noncompliance with Rule 1925(b), *i.e.*, not including an address for service, was immaterial. Also, the nonconformity of the Trial Court's 1925(b) Order does not preclude this Court from finding waiver on other grounds.

9

### III. Conclusion

In sum, because McDowell did not identify any basis for appealing the Trial Court's order on the merits, in a Rule 1925(b) Statement or otherwise, this Court is precluded from conducting meaningful review. Accordingly, the appeal is dismissed.

_____
J. ANDREW CROMPTON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer E. McDowell,             :

            Appellant     :

                      :      No. 809 C.D. 2020

         v.           :

                      :

Department of Human Services    :

# **O R D E R**

**AND NOW**, this 23rd day of September 2021, the appeal of the August 4, 2020, order of the Philadelphia County Court of Common Pleas is DISMISSED for failure to articulate appeal grounds capable of meaningful review.

_____

J. ANDREW CROMPTON, Judge